[Cite as *State v. Howard*, 2016-Ohio-7077.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 15CA010857 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CEDRIC HOWARD | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 14CR089570 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2016

WHITMORE, Judge.

{¶1} Defendant-Appellant, Cedric Howard, appeals from his convictions in the Lorain County Court of Common Pleas. This Court affirms.

I

{¶2} A grand jury indicted Howard on charges of drug trafficking, possession of drugs, operating a vehicle while under the influence ("OVI"), obstructing official business, and drug paraphernalia offenses. Howard initially pleaded not guilty to each charge, but later agreed to plead guilty to all five charges. The trial court determined that his drug trafficking and possession charges were allied offenses of similar import, so the State elected to have Howard sentenced on the trafficking charge. The court sentenced Howard to six years in prison on his drug trafficking count as well as a mandatory $10,000 fine. Additionally, the court sentenced him to one month on his drug paraphernalia count, three months on his obstructing count, and six months and a $375 fine on his OVI count. The court ordered Howard's mandatory fines

suspended "pursuant to the affidavit of indigency." Howard's affidavit of indigency was filed at the same time as the court's sentencing entry.

{¶3} Howard now appeals from his convictions and raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT'S SENTENCE OF SIX YEARS WAS AN ABUSE OF DISCRETION[.]

{¶4} In his first assignment of error, Howard argues that the trial court abused its discretion when it sentenced him to six years on his drug trafficking charge. He argues that, without a pre-sentence investigation report ("PSI"), the court could not have properly considered the statutory factors set forth in R.C. 2929.11 and 2929.12 in fashioning his sentence.

{¶5} In reviewing a felony sentence, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2). "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes," or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶6} R.C. 2929.11 "specifies the purposes of sentencing" while R.C. 2929.12 "provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." *State v. Davison*, 9th Dist. Lorain No. 10CA009803, 2011-Ohio-1528, ¶ 12, quoting *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38. "Unless the record

shows that the court failed to consider the factors, or that the sentence is strikingly inconsistent with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range." (Internal quotations and citations omitted.) *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8.

{¶7} Howard does not dispute that his six-year sentence falls within the statutory range for a felony of the second-degree. Instead, he argues that, in fashioning his sentence, the court could not have properly considered the statutory sentencing factors set forth in R.C. 2929.11 and 2929.12. He notes that no PSI was conducted in this matter. Because no PSI was conducted, Howard argues, the trial court "could not have adequately evaluated the factors listed in R.C. 2929.12 * * * and * * * R.C. 2929.11 et seq."

{¶8} The trial court's sentencing entry contains the handwritten notation "waived" next to the section pertaining to the completion of a PSI. On appeal, Howard has not addressed the waiver notation or argued that he did not, in fact, waive a PSI when he pleaded guilty. *See* App.R. 16(A)(7). Because the record reflects that Howard waived a PSI in this matter and he has not challenged his waiver on appeal, he cannot now take issue with the trial court's having sentenced him in the absence of a PSI. Howard's first assignment of error is overruled.

Assignment of Error Number Two

APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO PROPERLY FILE AN AFFIDAVIT OF POVERTY PRIOR TO THE SENTENCING HEARING.

{¶9} In his second assignment of error, Howard argues that he received ineffective assistance of counsel. Specifically, he argues that he was prejudiced by his trial counsel's failure to file his affidavit of indigency in a timely manner. We do not agree that Howard has demonstrated prejudice in this matter.

{¶10} In order to prevail on a claim of ineffective assistance of counsel, an appellant must show that his or her "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This Court need not address both *Strickland* prongs if an appellant fails to prove either one. *State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

{¶11} When a court sentences an offender on a drug trafficking charge and the charge is a felony of the second degree, the court must impose a mandatory fine "unless, as specified in [R.C. 2929.18(B)(1)], the court determines that the offender is indigent." R.C. 2925.03(D)(1). R.C. 2929.18(B)(1) provides, in relevant part:

> If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

The statute is "clear and unambiguous in requiring that an affidavit of indigency must be 'filed' with the court prior to sentencing * * *." *State v. Gipson*, 80 Ohio St.3d 626, 632 (1998). The Ohio Supreme Court has interpreted the "prior to sentencing" language "to mean that the affidavit must be formally filed with the court prior to the filing of a journal entry reflecting the trial court's sentencing decision." *Id.* Generally, "the act of filing * * * includes the concept of time-stamping." *Id. But see State v. Calhoun*, 8th Dist. Cuyahoga No. 101816, 2015-Ohio-2155, ¶ 12-15, citing *Gipson* at 633, fn.3 (discussing the possibility that an affidavit of indigency might be filed at the sentencing hearing if accepted by the judge and filed pursuant to Civ.R. 5(E)).

{¶12} The record reflects that Howard's affidavit of indigency was filed at the same time as the trial court's sentencing decision. That is, both the affidavit and the sentencing entry

bear identical time stamps. Howard argues that he received ineffective assistance of counsel because his attorney did not file his affidavit of indigency before the court's sentencing decision. He argues that, had his counsel filed his affidavit of indigency in a timely manner, the trial court could have found him indigent and not imposed a $10,000 mandatory fine upon him.

{¶13} Even assuming that Howard's trial counsel failed to ensure that Howard's affidavit of indigency was timely filed, Howard has not shown that he was prejudiced by his counsel's error. *See Ray*, 2005-Ohio-4941, at ¶ 10. The trial court specifically noted in its sentencing entry that it was suspending Howard's mandatory fine "pursuant to the affidavit of indigency." Consequently, the court clearly considered Howard's affidavit and found him to be indigent. The problem here is that, despite finding Howard to be indigent, the court still imposed the mandatory fine and suspended it rather than not imposing it. Howard, however, has not assigned as error that the court erred by suspending his fine rather than not imposing it. His assignment of error is strictly that he received ineffective assistance of counsel. Consequently, we need not consider whether the court erred by suspending the fine or whether it had jurisdiction to consider an untimely affidavit of indigency. Because the court actually found Howard to be indigent pursuant to the affidavit of indigency, Howard has not shown that he was prejudiced by his counsel's failure to secure the affidavit's earlier filing. His second assignment of error is overruled.

III

{¶14} Howard's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

HARVEY B. BRUNER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Prosecuting Attorney, for Appellee.