[Cite as *State v. Koon*, 2018-Ohio-2090.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF LORAIN | )ss: | NINTH JUDICIAL DISTRICT |
| | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 16CA011050 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| HEATHER KOON | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 13CR088190 |

DECISION AND JOURNAL ENTRY

Dated: May 29, 2018

CARR, Judge.

{¶1} Appellant, Heather Koon, appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In December 2013, the Lorain County Grand Jury indicted Koon on a litany of criminal offenses and attendant specifications. The charges stemmed from Koon's alleged role in a horrific scheme involving her boyfriend where she sexually abused multiple children at the day care center where she worked. Koon eventually pleaded guilty to 17 felony charges, including four counts of rape of a minor under the age of thirteen, multiple counts of kidnapping, multiple counts of pandering obscenity involving a minor, as well as other charges. Koon reserved the right to try the sexually violent predator specifications to the bench and the trial court determined that the State failed to meet its burden of proof. The matter proceeded to sentencing. On each rape count, the trial court imposed a life sentence without the possibility of

parole and ordered those sentences to run concurrently with each other. The trial court further sentenced Koon on the remaining offenses, with several counts merging for the purpose of sentencing. Koon was also designated as a Tier III sex offender.

{¶3}    On appeal, Koon raises two assignments of error.

II.

## ASSIGNMENT OF ERROR I

[] THE PRISON SENTENCE OF LIFE WITHOUT THE POSSIBILITY OF PAROLE WAS AN ABUSE OF DISCRETION IN THIS CASE.

{¶4}    In her first assignment of error, Koon argues that the trial court abused its discretion when it sentenced her to life without the possibility of parole for her rape convictions. This Court disagrees.

{¶5}    Koon does not argue that her sentence is unlawful in support of her first assignment of error. Instead, Koon contends that the trial court abused its discretion by imposing a maximum sentence in light of the mitigating circumstances that exist in this case. Koon suggests that the fact that she was a victim of sexual abuse herself constituted substantial grounds to mitigate her conduct pursuant to R.C. 2929.12(C)(4). Koon further stresses that the factors set forth in R.C. 2929.12(D) & (E) weighed against a maximum sentence given that she had no prior criminal record and that the State's own expert indicated that she was not at a high risk of reoffending. Finally, Koon notes that she took responsibility for her crimes, that she showed remorse in court, and that she was just 28 years old at the time of sentencing.

{¶6}    "In reviewing a felony sentence, [t]he appellate court's standard for review is not whether the sentencing court abused its discretion." (Internal quotations omitted.) *State v. Boatright*, 9th Dist. Summit No. 28101, 2017-Ohio-5794, ¶ 44, quoting *State v. Howard*, 9th Dist. Lorain No. 15CA010857, 2016-Ohio-7077, ¶ 5, quoting R.C. 2953.08(G)(2). "[A]n

appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law." (Internal quotations omitted.) *Boatright* at ¶ 44, quoting *Howard* at ¶ 5, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. "Clear and convincing evidence is that which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." (Internal quotations and citations omitted.) *Boatright* at ¶ 44, quoting *Howard* at ¶ 5.

{¶7} "'[A] court must carefully consider the statutes that apply to every felony case[,] * * * includ[ing] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.'" *State v. Davison*, 9th Dist. Lorain No. 10CA009803, 2011-Ohio-1528, ¶ 12, quoting *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶8} "Although a sentencing judge must consider the principles and purposes of sentencing in imposing a sentence, he or she is not required to make findings or give their reasons before imposing a maximum sentence." *State v. Linde*, 9th Dist. Summit No. 26714, 2013-Ohio-3503, ¶ 21, citing *Mathis* at paragraph three of the syllabus. "[W]here the trial court does not put on the record its consideration of [R.C.] 2929.11 and [R.C.] 2929.12 * * *, it is presumed that the trial court gave proper consideration to those statutes." *State v. Thrasher*, 9th Dist. Summit No. 27547, 2015-Ohio-2504, ¶ 4, citing *State v. Steidl*, 9th Dist. Medina No. 10CA0025-M, 2011-Ohio-2320, ¶ 13, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 18, fn. 4. "Unless the record shows that the court failed to consider the factors, or that the sentence is strikingly inconsistent with the factors, the court is presumed to have considered the statutory factors if the sentence is within the statutory range." (Internal quotations and

citations omitted.) *Thrasher* at ¶ 4, quoting *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8.

{¶9} In this case, the trial court sentenced Koon to a prison term of life without parole, the maximum sentence under these circumstances where the victims were less than ten years of age. *See* R.C. 2907.02(B).

{¶10} Koon has not demonstrated by clear and convincing evidence that her sentence was not supported by the record. While the State's expert concluded that Koon did not meet any of the established factors for identifying recidivism in women, the expert noted that "[f]emale sexual offender recidivism is a poorly studied and only relatively recently entertained field of study." The expert further explained, "[t]hat is not to say, however, there is no risk in Ms. Koon's case. Indeed, there are a number of reasons to be concerned in her case * * *." Among the reasons for concern were the multi-generational history of sexual offending in Koon's family; the fact that Koon has sexually deviant interests; as well as Koon's struggle with personal responsibility both in general and in specific regard to her offending behavior. In addition to complicated recidivism considerations, the trial court was forced to account for the nature and scope of Koon's crimes. Koon's actions caused lasting trauma in the lives of her victims. As the trial court explained at the sentencing hearing, this case involved a situation where "a trust was broken. A trust that so many parents place every day as they go off to work and place their children in the hands of day-care providers[.] * * * And we have to feel in this country that when we drop our child off at a day-care center that they are going to be treated almost like a family member * * *." Thus, Koon not only committed a series of horrible crimes where she victimized defenseless young children, she did so under circumstances where she had been specifically entrusted to ensure their protection and safety. Under these circumstances,

Koon has not demonstrated by clear and convincing evidence that her sentence was unsupported by the record.

{¶11} The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE SENTENCING ENTRY IN THIS MATTER SENTENCES THE APPELLANT TO A PRISON SENTENCE THAT IS CONTRARY TO LAW[.]

{¶12} In her second assignment of error, Koon argues that her sentence was contrary to law. At the sentencing hearing, the trial court imposed a sentence of life imprisonment without parole on each of the four rape convictions. In her merit brief, Koon acknowledges that the trial court was permitted under the law to impose "an indeterminate sentence of life with parole eligibility after fifteen years" or a sentence of "life without the possibility of parole." Koon points out, however, that the sentencing entry states only that the trial court imposed "life" on those counts. While Koon suggests that this impacts the finality of the sentencing entry, we note that an inadvertent mischaracterization of a sentence in a journal entry does not equate to altogether omitting the sentence from the entry. *See generally State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, ¶ 18. Accordingly, the assignment of error is overruled. Nevertheless, this matter must be remanded for the trial court to correct the clerical error in the sentencing entry by issuing a nunc pro tunc sentencing entry reflecting that Koon was sentenced to life imprisonment without parole on each of her rape convictions.

III.

{¶13} Koon's first and second assignments of error are overruled. The matter is remanded for the trial court to issue a nunc pro tunc sentencing entry. The judgment of the Lorain County Court of Common Pleas is otherwise affirmed.

Judgment affirmed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOHN TOTH, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NATASHA RUIZ GUERRIERI, Assistant Proecuting Attorney, for Appellee.