[Cite as *State v. Knight*, 2022-Ohio-2184.]

STATE OF OHIO       )             IN THE COURT OF APPEALS
                        )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE    )

STATE OF OHIO

    Appellee

v.

KYLE KNIGHT

    Appellant

C.A. Nos.    20AP0043
                20AP0050

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.   2019-CRC-I-017

DECISION AND JOURNAL ENTRY

Dated: June 27, 2022

CARR, Judge.

{¶1} Appellant, Kyle Knight, appeals the judgment of the Wayne County Court of Common Pleas. This Court affirms.

I.

{¶2} Law enforcement launched an investigation into Knight after receiving information that he allegedly had a large amount of drugs at a house located in Wooster. Several officers descended upon the property and encountered Knight and his co-defendant, James Seguin. The officers ultimately conducted a search of the house and found drugs and drug paraphernalia. The Wayne County Grand Jury subsequently returned an indictment charging Knight with a litany of offenses.[1] Most notably. Knight was charged with one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), a second-degree felony, and

---

[1] Seguin was charged with a number of offenses by way of the same indictment.

one count of aggravated possession of drugs in violation of R.C. 2925.11(A), also a second-degree felony. Both counts contained forfeiture specifications. Knight pleaded not guilty to the charges at arraignment.

{¶3} Knight subsequently entered into a written plea agreement with the State. Knight pleaded guilty to the first two counts in the indictment- aggravated trafficking in drugs and aggravated possession of drugs. The remaining counts in the indictment were dismissed. The trial court ordered a presentence investigation report. At sentencing, the trial court found that the counts merged and imposed a mandatory three-year term of incarceration on the count of aggravated trafficking in drugs. The trial court further ordered Knight to forfeit $300.

{¶4} On appeal, Knight raises two assignments of error.[2]

II.

## ASSIGNMENT OF ERROR I

THE COURT FAILED TO GIVE ANY BENEFIT TO MR. KNIGHT AS A DEFENDANT DESPITE HIS ACCEPTANCE OF RESPONSIBILITY AND CLEAR ACKNOWLEDGMENT AT SENTENCING OF HIS WRONGDOING, AND AS SUCH, DESPITE BEING WITHIN THE SENTENCING RANGE, THE SENTENCE WAS UNDULY HARSH AND RETALIATORY AGAINST MR. KNIGHT. HENCE, THE SENTENCE IMPOSED IS INCONSISTENT WITH THE PRINCIPLES AND PURPOSES OF OHIO SENTENCING LAW AND IS THEREFORE CONTRARY TO LAW.

{¶5} In his first assignment of error, Knight contends that the record does not support the trial court's decision to impose a three-year term of incarceration upon Knight as opposed to a minimum two-year prison term. This Court disagrees.

{¶6} "In reviewing a felony sentence, '[t]he appellate court's standard of review is not whether the sentencing court abused its discretion.'" *State v. Howard*, 9th Dist. Lorain No.

---

[2] Knight filed two pro se motions for delayed appeal. This Court granted the motions and consolidated the appeals.

15CA010857, 2016-Ohio-7077, ¶ 5, quoting R.C. 2953.08(G)(2). The Supreme Court of Ohio has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2)(a) and (b). "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954); *Howard* at ¶ 5.

{¶7} "Trial courts have full discretion to impose a prison sentence within the statutory range" and are not "required to make findings or give their reasons for imposing * * * more than minimum sentences." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. Although the trial court is not required to make findings, "the court must carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶8} There is no dispute in this case that Knight's mandatory three-year sentence falls within the statutory range. *See* R.C. 2929.14(A)(2)(b). Knight challenges his sentence on the basis that the record does not support the trial court's decision to impose a three-year sentence instead of a minimum two-year sentence. Knights asserts that the trial court failed to properly consider the principles and purposes of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. Specifically, Knight maintains that there is nothing in the record indicating that this case involved a serious form of the offense, that he played a

significant role in drug sales, or that he was likely to commit future crimes. Knight further asserts that the trial court gave him no benefit for accepting responsibility.

{¶9} The Supreme Court of Ohio recently clarified the scope of an appellate court's review of a felony sentence under R.C. 2953.08(G)(2) in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729. The Supreme Court in *Marcum* had previously stated that it would be "fully consistent" with R.C. 2953.08(G) for an appellate court to vacate or modify a sentence if it determined that the record did not support the sentence under R.C. 2929.11 or R.C. 2929.12. *Marcum* at ¶ 23. In *Jones*, the Supreme Court explained that these statements in *Marcum* were made in passing and constituted dicta. *Jones* at ¶ 27.

{¶10} The *Jones* court ultimately concluded that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and R.C. 2929.12." *Id*. at 42. The Supreme Court explained that "R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12, because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in that provision." *Id*. at ¶ 31. The high court further observed that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id*. at ¶ 32.

{¶11} Knight's challenge to his sentence is predicated on his contention the record does not support the imposition of a three-year prison term and that the trial court failed to properly consider the factors set forth in R.C. 2929.11 and R.C. 2929.12. Pursuant to the Supreme Court's decision in *Jones*, however, we are precluded from undertaking a review of this nature. *Jones* at

¶ 42. As Knight has not demonstrated that his sentence is otherwise contrary to law, his first assignment of error is not well-taken.

{¶12}  The first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

MR. KNIGHT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL ALL TO HIS PREJUDICE[.]

{¶13}  In his second assignment of error, Knight maintains that trial counsel rendered ineffective assistance at sentencing.  This Court disagrees.

{¶14}  In order to prevail on a claim of ineffective assistance of counsel, Knight must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance."  *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Strickland* at 686.  Thus, a two-prong test is necessary to examine such claims.  First, Knight must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably.  *State v. Keith*, 79 Ohio St.3d 514, 534 (1997), citing *Strickland* at 687.  Second, Knight must demonstrate that but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different.  *Strickland* at 694.  This Court need not address both prongs of the *Strickland* test if the appellant fails to satisfy either prong.  *State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

{¶15}  In support of his ineffective assistance claim, Knight argues that the trial court likely would have imposed a minimum prison sentence if defense counsel had better prepared Knight for allocution.  Knight further contends that defense counsel did not prepare a sentencing

memorandum, offered limited remarks at the sentencing hearing, and did nothing to paint a positive portrait of his client.

{¶16} As discussed above, Knight pleaded guilty to the first two counts of the indictment and the remaining counts were dismissed. At the plea hearing, defense counsel noted that the parties had agreed that counts one and two should merge for the purposes of sentencing. No agreement was reached as to the length of the sentence.

{¶17} At sentencing, defense counsel stressed that Knight wanted to take responsibility for his actions. While defense counsel noted that this was "far from an open and shut case[,]" defense counsel explained that Knight wanted to convey his sentiment that "I did this[] so now I want to take responsibility for it[.]" After reiterating that the counts merged for the purposes of sentencing, defense counsel urged the trial court to impose the minimum possible sentence.[3] When provided with an opportunity to address the trial court, Knight himself stated, "Your Honor, I made a mistake. Since then I have stopped drinking, I've been gainfully employed and I hope for you to take mercy on me and give me as lenient [] a sentence as possible. Thank you." Prior to imposing sentence, the trial court indicated that it had reviewed the presentence investigation report. A review of the PSI indicates that Knight had been convicted of several misdemeanor offenses in the years prior to the instant case. Most recently, Knight had violated his probation after being convicted of assault in 2017. The PSI further revealed that Knight had battled mental health and substance abuse issues for most of his life.

{¶18} Under these circumstances, Knight's ineffective assistance claim is without merit. We are mindful that a properly licensed attorney in Ohio is presumed to be competent and the

---

[3] In his merit brief, Knight implies that defense counsel failed to raise the issue of merger at sentencing. A review of the transcript reveals that defense counsel reminded the court that there had been a merger discussion prior to going on the record.

burden is on the defendant to prove otherwise. *State v. Hamblin*, 37 Ohio St.3d 153, 155-156 (1988). Here, defense counsel emphasized that Knight had taken responsibility for his actions, even though this was not an "open and shut case[.]" Defense counsel also argued that a minimum sentence would be appropriate. While Knight himself did not make a lengthy allocution statement, he accepted responsibility for his actions, highlighted positive steps that he had taken in his life since the date of the offense, and asked the trial court for a lenient sentence. Although Knight now contends that defense counsel should have orchestrated a more forceful presentation, we are mindful that mitigation strategy generally falls within the purview of trial tactics. *See State v. Tinsley*, 8th Dist. Cuyahoga No. 105551, 2018-Ohio-278, ¶ 17. "Debatable trial tactics do not give rise to a claim of ineffective assistance of counsel." *State v. Patton*, 9th Dist. Wayne No. 19AP0028, 2021-Ohio-1230, ¶ 10. Accordingly, Knight has not demonstrated that trial counsel's performance fell below an objective standard of reasonableness.

{¶19} Knight's second assignment of error is overruled.

III.

{¶20} Knight's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and JONATHAN HAMERS, Assistant Prosecuting Attorney, for Appellee.