[Cite as *State v. Howze*, 2024-Ohio-2701.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

DEMETRIUS L. HOWZE

    Appellant

C.A. Nos.     30824
                    30871

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 2023-01-0189
                      CR 2023-10-0065

DECISION AND JOURNAL ENTRY

Dated: July 17, 2024

HENSAL, Judge.

{¶1} Demetrius Howze appeals his convictions by the Summit County Court of Common Pleas following a guilty plea. This Court affirms.

I.

{¶2} In two separate cases, Mr. Howze was indicted for failure to register as a sex offender, burglary, and public indecency. He pleaded guilty to failure to register and to burglary, and the State dismissed the remaining charge. During the plea hearing, the parties explained that the State was recommending four years in prison with all sentences to run concurrently. The State informed the trial court that it believed Mr. Howze would be arguing that he should receive probation instead. During sentencing, the State told the trial court that "as to our sentencing agreement, it was a free to argue." The State also, however, represented that it agreed to recommend concurrent sentences if a prison term was imposed, and the prosecutor stated that "our

joint recommendation would be" concurrent prison terms of four years for burglary and eighteen months for failure to register. According to the State, "that [was] per agreement prior to Mr. Howze entering a plea." Mr. Howze's attorney stated that Howze "ha[d] been screened and approved for halfway house programming" and argued that "any sentences that he receive[d]" should be concurrent.

{¶3}  The trial court sentenced Mr. Howze to a stated prison term of three to four and one-half years in prison for burglary, a second-degree felony, and to a concurrent prison term of eighteen months for failure to register. Mr. Howze appealed, raising three assignments of error. His assignments of error are rearranged for purposes of disposition.

II.

**ASSIGNMENT OF ERROR II**

HOWZE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT[S] OF [THE] UNITED STATES CONSTITUTION.

{¶4}  In his second assignment of error, Mr. Howze argues that he was denied effective assistance of counsel in connection with his guilty plea. This Court does not agree.

{¶5}  A defendant who pleads guilty waives the right to raise issues related to ineffective assistance of counsel on appeal unless they resulted in an involuntary plea. *State v. Carroll*, 2007-Ohio-3298, ¶ 5 (9th Dist.), citing *State v. Barnett*, 73 Ohio App.3d 244, 248 (2d Dist. 1991) and *State v. Dallas*, 2007-Ohio-1214, ¶ 4 (9th Dist.). In order to demonstrate ineffective assistance of counsel, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See also Hill v. Lockhart*, 474 U.S.

52, 58 (1985) (holding that the *Strickland* test applies when a defendant challenges the effectiveness of counsel in connection with a guilty plea).

{¶6}   A defendant who has pleaded guilty must demonstrate prejudice by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *State v. Ketterer*, 2006-Ohio-5283, ¶ 89, quoting *Lockhart* at 59. This demonstration "focuses on a defendant's decisionmaking[]" and requires "contemporaneous evidence that but for his counsel's erroneous advice, [the defendant] would have made a different decision." *State v. Bozso*, 2020-Ohio-3779, ¶ 29, quoting *Lee v. United States*, 582 U.S. 357, 367 (2017). "[A] defendant who claims ineffective assistance of trial counsel … must show from the record that the elements of the claim exist." *State v. Lawson*, 2021-Ohio-3566, ¶ 101. *See generally State v. Madrigal*, 87 Ohio St.3d 378, 390-391 (2000). Ineffective assistance cannot be established through speculation about the prejudicial effects of counsel's performance. *State v. Zupancic*, 2013-Ohio-3072, ¶ 4 (9th Dist.), quoting *State v. Leyland*, 2008-Ohio-777, ¶ 7 (9th Dist.).

{¶7}   It is not clear how Mr. Howze believes his counsel to have been deficient, although he seems to imply that counsel did not advise him about the plea process and should not have allowed the plea to proceed. Regardless, however, Mr. Howze has not demonstrated with reference to any contemporaneous evidence focused on his decisionmaking that, apart from counsel's alleged ineffectiveness, he would have chosen not to enter a guilty plea. *See Bozso* at ¶ 29, quoting *Lee* at 367. To the contrary, the record demonstrates that during the trial court's Criminal Rule 11 colloquy, Mr. Howze indicated that he intended to plead guilty and that he was satisfied with the performance of counsel.

**{¶8}** "A defendant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other." *Madrigal* at 389, citing *Strickland* at 697. Consequently, because Mr. Howze has not demonstrated prejudice from the record, he cannot establish ineffective assistance of counsel. Mr. Howze's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT FAILED RULE 11'S CONSTITUTIONAL REQUIREMENT WHEN TAKING HOWZE['S] PLEA.

**{¶9}** Mr. Howze's third assignment of error, which is misnumbered as his fourth in his appellate brief, appears to be that the trial court did not comply with the constitutional requirements of Criminal Rule 11(C)(2)(c) during his plea hearing. *See generally State v. Dangler*, 2020-Ohio-2765, ¶ 14. Mr. Howze's appellate brief reiterates some of the statements made in support of his second assignment of error, but he has not made an argument that explains in what respects the trial court failed to comply with Rule 11(C)(2)(c). This Court declines to construct that argument on his behalf. *See State v. Tighe*, 2016-Ohio-7031, ¶ 22 (9th Dist.). Mr. Howze's third assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE [TRIAL] COURT COMMITTED AN ERROR WHEN SENTENCING HOWZE[.]

**{¶10}** In his first assignment of error, Mr. Howze argues that the record does not support the sentences that the trial court imposed. This Court may modify or vacate a felony sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. *See also* R.C. 2953.08(G)(2).

{¶11} Contrary to the State's position, the record demonstrates that there was not an agreed sentence in this case that limits Mr. Howze's right to appeal. *See* R.C. 2953.08(D)(1). Nonetheless, this Court's review is constrained for a different reason. Section 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 39. *See also State v. Brunson*, 2022-Ohio-4299, ¶ 69. Mr. Howze argues that his sentences are not supported by the record because "[i]n looking at the less serious factor[s] listed in R.C. 2929.12(C), some apply." Under *Jones*, this Court cannot undertake a review of this kind. *State v. Knight*, 2022-Ohio-2184, ¶ 11 (9th Dist.). Mr. Howze's first assignment of error is overruled.

III.

{¶12} Mr. Howze's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.