[Cite as *State v. Belton*, 2025-Ohio-1173.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 31143 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| LAYVEIRE BELTON | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2023-03-0831-C |

DECISION AND JOURNAL ENTRY

Dated: April 2, 2025

CARR, Judge.

{¶1} Defendant-Appellant, Layveire Belton, appeals from the judgment of the Summit County Court Common Pleas. This Court affirms.

I.

{¶2} Belton and several co-defendants were indicted on charges of felony murder and aggravated robbery. Both charges carried firearm specifications.[1] The trial court severed the cases for trial, and Belton entered a guilty plea. He agreed to testify truthfully against his co-defendants in their cases should the need arise. In exchange, the State agreed to dismiss his charge of felony murder and its attendant specification. There was no agreed sentence.

{¶3} One of Belton's co-defendants exercised his right to a jury trial, and the remainder entered pleas. Following the co-defendant's trial, the trial court held a joint sentencing hearing.

---

[1]The original indictment failed to specify that the Grand Jury had charged Belton with a firearm specification on his aggravated robbery charge. The State later identified that omission as a typographical error. At the State's request, the trial court amended the indictment.

The court acknowledged that recidivism factors weighed in Belton's favor but found the seriousness factors "appalling." It found that Belton was "a primary planner . . . in the entire incident." Consequently, it imposed the longest minimum term available for his charge of aggravated robbery. The court sentenced Belton to a minimum of eleven years in prison on that charge and ordered that term to run consecutively with a three-year mandatory term on his firearm specification.

{¶4} Belton now appeals from the trial court's judgment and raises one assignment of error for review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY SENTENCING MR. BELTON TO THE LONGEST MINIMUM PRISON TERM ALLOWED FOR HIS OFFENSE.

{¶5} In his sole assignment of error, Belton argues the trial court erred by sentencing him to the longest minimum term available on his charge of aggravated robbery. According to Belton, the trial court failed to properly consider and apply the sentencing factors set forth in R.C. 2929.11 and 2929.12. He argues that the court improperly considered evidence outside the record and issued him a harsher sentence due to its decision to conduct a joint sentencing hearing. For the following reasons, we reject his argument.

{¶6} "R.C. 2953.08(G) defines the standard of review for felony-sentencing appeals." *State v. Jones*, 2020-Ohio-6729, ¶ 27. Under that statute, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1, citing R.C. 2953.08(G)(2). R.C. 2953.08 "does not provide a basis for an appellate court to modify or vacate a sentence based on its view

that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 39. "R.C. 2953.08(G)(2) permits a record-does-not-support-the-sentence review only for sentences that are imposed pursuant to certain enumerated statutes, which do not include R.C. 2929.11 or 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 21. Accordingly, this Court may not review an appellant's argument that (1) the record does not support the imposition of a prison sanction, or (2) the trial court failed to properly consider the factors set forth in R.C. 2929.11 and 2929.12. *See State v. Smalley*, 2024-Ohio-4532, ¶ 26 (9th Dist.); *State v. Howze*, 2024-Ohio-2701, ¶ 11 (9th Dist.).

{¶7} At Belton's sentencing hearing, both the prosecutor and the trial court referred to evidence that had been presented at the trial of Belton's co-defendant. That evidence implicated Belton, as his charges arose out of the same incident. Because his sentencing judge also presided over the co-defendant's trial, she was familiar with that evidence. Belton argues that it was improper for the court to consider it. He argues that the joint sentencing hearing influenced the court's sentencing decision. According to Belton, the evidence in his record did not justify a maximum sentence. It showed that he was only nineteen at the time of his crime, had no prior record, accepted responsibility for his actions, and cooperated by testifying truthfully against a co-defendant. He argues that his sentence did not align with the overriding purposes of felony sentencing set forth in R.C. 2929.11.

{¶8} To the extent Belton argues the trial court (1) misapplied either R.C. 2929.11 and 2929.12, or (2) imposed a lengthier sentence than the record supports, this Court cannot review his argument. R.C. 2953.08(G) does not authorize a review of that kind. *Howze* at ¶ 11, citing *Jones* at ¶ 39. It does permit appellate review of a sentence when an appellant claims "the sentence was imposed based on impermissible considerations . . . ." *Bryant* at ¶ 22. For example, the Ohio

Supreme Court has reviewed sentencing appeals in instances where the appellant argued the trial court offered a pretextual sentencing rationale or used the appellant's constitutional right to remain silent against him. *See id.*; *State v. Brunson*, 2022-Ohio-4299, ¶ 68-70. Yet, Belton has not addressed *Jones* and its progeny. He has made no attempt to argue that at least portions of his assignment of error are reviewable, and this Court is loath to construct an argument on his behalf. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 1998 WL 224934, *8 (9th Dist. May 6, 1998). Moreover, even assuming we could review an argument that the trial court improperly considered evidence from a co-defendant's trial, the record reflects that Belton failed to object to the court's consideration of that evidence, failed to object to a joint sentencing hearing, and did not ensure his presentence investigation report was filed and included in the record on appeal. Belton has not preserved his arguments through plain error and, in any event, cannot demonstrate error in the absence of a complete record. *See State v. Banfield*, 2021-Ohio-2160, ¶ 28 (9th Dist.); *State v. Collins*, 2020-Ohio-317, ¶ 14 (9th Dist.). For the foregoing reasons, his sole assignment of error is overruled.

## III.

{¶9} Belton's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

FLAGG LANZINGER, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ALAN MEDVICK, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.