[Cite as *State v. Jennings*, 2025-Ohio-2281.]

STATE OF OHIO         )               IN THE COURT OF APPEALS
                               )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                             C.A. No.      31147

    Appellee

    v.                                       APPEAL FROM JUDGMENT
                                        ENTERED IN THE
NINO JENNINGS                        COURT OF COMMON PLEAS
                                        COUNTY OF SUMMIT, OHIO
    Appellant                       CASE No.     CR-2023-03-0831-B

DECISION AND JOURNAL ENTRY

Dated: June 30, 2025

STEVENSON, Presiding Judge.

**{¶1}** Defendant-Appellant Nino Jennings appeals the sentence of the Summit County Court of Common Pleas arising from his conviction for aggravated robbery with a firearm specification. This Court affirms.

I.

**{¶2}** Mr. Jennings was indicted on one count of murder and one count of aggravated robbery. Both charges carried firearm specifications. Mr. Jennings was indicted along with three other co-defendants. The trial court severed the cases for trial. Mr. Jennings pleaded guilty to aggravated robbery with the firearm specification in exchange for the dismissal of the murder count. There was no agreed sentence. After the jury trial of one of the co-defendants, the trial court held one sentencing hearing for all four defendants. Mr. Jennings waived a pre-sentence investigation.

**{¶3}** The trial court sentenced Mr. Jennings to a mandatory three-years on the firearm specification and to the maximum of 11 to16.5 years on the aggravated robbery to run consecutive to the three-years on the firearm specification, for a total of 14 years to 19.5 years.

**{¶4}** This Court granted Mr. Jennings' motion for a delayed appeal from the trial court's judgment. He raises one assignment of error for review.

II.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED MR. JENNINGS TO A MAXIMUM SENTENCE OF 11 TO 16 AND 1/2 YEARS CONSECUTIVE TO A MANDATORY 3 YEAR GUN SPECIFICATION SENTENCE AFTER THE STATE DISMISSED THE MURDER COUNT, AND AFTER HE ACCEPTED RESPONSIBILITY AND PLEAD[ED] GUILTY TO AGGRAVATED ROBBERY AND THE GUN SPECIFICATION UNDER A PLEA AGREEMENT BETWEEN THE PARTIES.**

**{¶5}** Mr. Jennings argues that his sentence was contrary to law and an abuse of discretion because the trial court failed to properly consider the R.C. 2929.11 and 2929.12 factors in imposing that sentence and improperly considered that he received a "gift" when the state dismissed a murder charge against him as a part of a plea bargain. He further argues that the record does not support the imposition of the maximum sentence. We disagree with Mr. Jennings.

**{¶6}** R.C. 2953.08(G) (Appeals based on felony sentencing guidelines) states as follows in relevant part:

> (2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take

any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶7}** First, this Court does not review the trial court's felony sentencing decision under an abuse of discretion standard. As we recently stated in *State v. Belton*, 2025-Ohio-1173, ¶ 6 (9th Dist.):

> "R.C. 2953.08(G) defines the standard of review for felony-sentencing appeals." *State v. Jones*, 2020-Ohio-6729, ¶ 27. Under that statute, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1, citing R.C. 2953.08(G)(2). *R.C. 2953.08 "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."* *Jones* at *¶ 39*. "R.C. 2953.08(G)(2) permits a record-does-not-support-the-sentence review only for sentences that are imposed pursuant to certain enumerated statutes, which do not include R.C. 2929.11 or 2929.12." *State v. Bryant*, 2022-Ohio-1878, ¶ 21. Accordingly, this Court may not review an appellant's argument that (1) the record does not support the imposition of a prison sanction, or (2) the trial court failed to properly consider the factors set forth in R.C. 2929.11 and 2929.12. *See State v. Smalley*, 2024-Ohio-4532, ¶ 26 (9th Dist.); *State v. Howze*, 2024-Ohio-2701, ¶ 11 (9th Dist.).
>
> . . .
>
> To the extent [appellant] argues the trial court (1) misapplied either R.C. 2929.11 and 2929.12, or (2) imposed a lengthier sentence than the record supports, this Court cannot review his argument. R.C. 2953.08(G) does not authorize a review of that kind. *Howze* at ¶ 11, citing *Jones* at ¶ 39.

(Emphasis added.) *Belton* at ¶ 6, 8. *See also State v. McKnight*, 2023-Ohio-1933, ¶ 16 (9th Dist.) (we refused to consider whether the trial court's imposition of the maximum sentence was appropriate based on sentencing factors contained in R.C. 2929.11 and 2929.12); *State v. Rosa-DeJesus*, 2024-Ohio-2472, ¶ 26, 33 (9th Dist.) (appellant's argument that the maximum sentence

did not comply with R.C. 2929.11(A) was not reviewable under R.C. 2953.08(G)(2)(b)). The Ohio Supreme Court reaffirmed its *Jones'* holding in *State v. Brunson*, 2022-Ohio-4299, ¶ 69. Thus, Mr. Jennings' argument that the trial court abused its discretion by considering that he received a "gift" in the plea bargain must be overruled because it is not reviewable.

{¶8}  Next, the Ohio Supreme Court has also held that a sentence is not "otherwise contrary to law" under R.C. 2953.08(G)(2)(b) just because the record does not support a sentence under R.C. 2929.11 or 2929.12. *Jones* at ¶ 34 (the "conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)."). A sentence is "contrary to law" for purposes of Section 2953.08(G)(2)(b) when it is "'in violation of statute or legal regulations at a given time[.]'" *Id*. at ¶ 34. A trial court has "full discretion to impose a prison sentence within the statutory range, including a maximum sentence." *State v. Sampson*, 2023-Ohio-2342, ¶ 39 (9th Dist.); *McKnight* at ¶ 14. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42.

{¶9}  Here, Mr. Jennings' arguments on appeal center on the trial court's alleged failure to properly consider the R.C. 2929.11 and 2929.12 sentencing factors when crafting his sentence and that the record does not support the imposition of the maximum sentence. He specifically refers to his young age, lack of a criminal record, remorse and acceptance of responsibility for his actions, cooperation with law enforcement, and truthful testimony in the co-defendant's trial as factors in support of a shorter prison term than the one imposed by the trial court. However, for all the reasons set forth in the above-referenced case law from both the Ohio Supreme Court and

this Court, we cannot undertake a review of the trial court's exercise of discretion or whether it did not properly consider the R.C. 2929.11 and R.C.2929.12 factors as Mr. Jennings argues.

{¶10} Furthermore, to the extent Mr. Jennings argues the trial court did not consider the R.C. 2929.11 and R.C. 2929.12 factors and other principles of sentencing, the trial court's written journal entry imposing Mr. Jennings' sentence specifically stated that it "considered the record, oral statements, the principles and purposes of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offenses and the offender under R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation, and restitution." The court noted that it was "guided by the overriding purposes of felony sentencing, including protection of the public from future crime by the offender, and punishment of the offender, using the minimum sanctions that the Court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." The court concluded by stating "after considering the factors set forth in R.C. 2929.12, a prison term is consistent with the principles and purposes of sentencing set forth in R.C. 2929.11, . . . [and] is commensurate with the seriousness of [Mr. Jennings'] conduct[.]"

{¶11} "'Unless the record shows that the court *failed* to consider the factors, . . . the court is presumed to have considered the statutory factors if the sentence is within the statutory range.'" (Emphasis added.) *State v. Fernandez*, 2014-Ohio-3651, ¶ 8 (9th Dist.), quoting *State v. Boysel*, 2014-Ohio-1272, ¶ 13 (2d Dist.), quoting *State v. Rutherford*, 2009-Ohio-2071, ¶ 34 (2d Dist.). "[A] statement in the trial court's sentencing entry that it considered all the required factors of law is sufficient to fulfill the trial court's obligation under the sentencing statutes." *State v. Martin*, 2025-Ohio-744, ¶ 10 (8th Dist.), citing *State v. Reimer*, 2021-Ohio-4122, ¶ 18 (8th Dist.).

{¶12} Here, the statements and findings in the trial court's sentencing entry clearly reflect that it specifically considered "all the required factors of law [and] is sufficient to fulfill the trial

court's obligation under the sentencing statutes." *Martin* at ¶ 10. Mr. Jennings has not demonstrated that the trial court failed to consider the sentencing factors and that his sentence is contrary to law. Mr. Jennings' assignment of error is overruled.

III.

{¶13} Accordingly, based on the foregoing, the judgment of the Summit County Common Pleas Court sentencing Mr. Jennings to a maximum term of 11 to 16.5 years to run consecutive to the three year mandatory term on the firearm specification is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

SCOT STEVENSON
FOR THE COURT

CARR, J.
SUTTON, J.
<u>CONCUR.</u>


<u>APPEARANCES:</u>

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.