[Cite as *State v. George*, 2019-Ohio-3871.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

SAYVON GEORGE

    Appellant

C.A. No.    29292

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2018-05-1520

DECISION AND JOURNAL ENTRY

Dated: September 25, 2019

TEODOSIO, Presiding Judge.

{¶1} Appellant, Sayvon George, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. George pled guilty to aggravated burglary, a felony of the first degree, with a firearm specification, felonious assault, a felony of the second degree, with a firearm specification, and having weapons while under disability, a felony of the third degree. In exchange for his guilty pleas, the State agreed to dismiss the remaining counts and specifications in the indictment and cap its sentencing recommendation at ten years in prison. The trial court accepted Mr. George's guilty pleas, found him guilty, ordered a pre-sentence investigation report and victim impact statement, and later sentenced him to an aggregate total of nine years in prison.

**{¶3}** Mr. George now appeals from his convictions and raises two assignments of error for this Court's review.

II.

**ASSIGNMENT OF ERROR ONE**

THE TRIAL COURT ERRED WHEN IT ACCEPTED APPELLANT'S GUILTY PLEA AFTER IMPROPERLY INSTRUCTING ON THE PENALTIES ASSOCIATED WITH SAID PLEA DURING THE CRIMINAL RULE 11 PLEA COLLOQUY

**{¶4}** In his first assignment of error, Mr. George argues that the trial court failed to substantially comply with Crim.R. 11 when it notified him that he would "likely" be on five years of post-release control ("PRC") and failed to advise him of certain penalties for violations of PRC.

**{¶5}** "A plea is invalid where it has not been entered in a knowing, intelligent, and voluntary manner." *State v. Farnsworth*, 9th Dist. Medina No. 15CA0038-M, 2016-Ohio-7919, ¶ 4. "Crim.R. 11(C) prohibits a trial judge from accepting a guilty plea without first ensuring that the defendant is fully informed regarding his rights and that he understands the consequences of his plea." *Id.* Pursuant to Crim.R. 11(C)(2)(a), a trial court shall not accept a guilty plea to a felony offense without first addressing the defendant personally and "[d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *." "This Court has held that '[t]erms of post-release control are part of a defendant's actual sentence.'" *State v. Holcomb*, 9th Dist. Summit No. 25165, 2010-Ohio-4656, ¶ 10, quoting *State v. Gordon*, 9th Dist. Wayne No. 07CA0055, 2008-Ohio-341, ¶ 5. "'As part of the sentence, post-release control is a fortiori intertwined with the requirements of Crim.R. 11(C)(2)(a)[.]'" *Gordon* at ¶ 5, quoting *State v.*

*Gulley*, 1st Dist. Hamilton No. C-040675, 2005-Ohio-4592, ¶ 14, quoting *State v. Madaris*, 156 Ohio App.3d 211, 2004-Ohio-653, ¶ 17 (1st Dist.).

**{¶6}** The Supreme Court of Ohio has urged trial courts to comply literally with Crim.R. 11 in order to avoid committing error. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 29. "If a trial court fails to literally comply with Crim.R. 11, reviewing courts must engage in a multitiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *Id.* at ¶ 30. While trial courts must strictly comply with the requirements listed in Crim.R. 11(C)(2)(c) for constitutional rights, they need only substantially comply with the requirements listed in Crim.R. 11(C)(2)(a) and (b) for nonconstitutional rights. *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, ¶ 11. Being advised of PRC is not a constitutional right, so a substantial compliance inquiry is triggered. *See State v. Mugrage*, 9th Dist. Summit No. 26062, 2012-Ohio-4802, ¶ 10.

**{¶7}** To substantially comply with Crim.R. 11, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving[.]'" *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). A trial court fails to substantially comply with this rule, however, when it gives the defendant inaccurate information about the maximum sentence that he is facing. *State v. Drake*, 9th Dist. Medina No. 16CA0056-M, 2017-Ohio-4027, ¶ 6. If substantial compliance is not achieved, a reviewing court must determine if the trial court partially complied or failed to comply with the rule. *Clark* at ¶ 32. A trial court's complete failure to comply with Crim.R. 11 requires the plea to be vacated, but if the court partially complied with the rule   e.g., by mentioning mandatory PRC without explaining it   the

defendant must demonstrate prejudice for the plea to be vacated. *Id.* "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, quoting *Nero* at 108.

**{¶8}** During the trial court's plea colloquy with Mr. George in this matter, the following exchange occurred regarding PRC:

> THE COURT: Okay. Now, you also need to understand that just because you go to prison doesn't mean that you don't get supervision when you get out of prison. Parole can decide to keep you and supervise you under certain circumstances. In your case, because you are pleading to a felony of the first degree, the aggravated burglary, you will get five years mandatory [p]ost[-r]elease [c]ontrol supervision. That supervision is by the adult parole authority. Your felony of the second degree, it's a three-year mandatory term.
>
> On your weapons under disability, they could decide not to supervise you, but at the end of the day, the time that you are going to be in there the longest is on Count One and so likely when you get out that is the count you are going to get out on if you don't get out on judicial before that.
>
> So if prison releases you, not the Court, then you're likely to have the five-year mandatory [p]ost[-r]elease [c]ontrol. What does that mean? It means that parole can send you back to prison for up to half of your sentence for all of your violations with them. It means that, if you pick up a new felony while you are on parole, your new Judge can add time on to your new sentence just because you picked it up while you were on parole. That Judge could add the greater of a year or whatever time was left on your parole and can run it consecutive. So I want to make sure you understand the penalties that can happen to you after prison if you don't get out on judicial and you stay in until your sentence expires or what can happen with parole; do you understand that?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: Do you have questions about that part?
>
> THE DEFENDANT: No, ma'am.

**{¶9}** Upon review of the record, we note that this is not a case where the trial court wholly neglected to inform Mr. George of PRC. *Compare State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, ¶ 4. The trial court did, in fact, offer a detailed explanation of PRC to Mr. George, but its explanation was partially accurate and partially inaccurate. For instance, the trial

court explained to Mr. George that he "will get" five years of mandatory PRC as part of his sentence for aggravated burglary, which is accurate. *See* R.C. 2967.28(B)(1); R.C. 2929.19(B)(2)(d). However, in continuing its explanation, the court stated that Mr. George would "likely" be subject to that five-year term of mandatory PRC if released from prison, which is inaccurate. *See id.* Because the five-year term of PRC was mandatory and would expire last among the different periods of PRC he faced, Mr. George was not merely "likely" to be placed on five years of mandatory PRC; he was certain to be placed on it. *See* R.C. 2967.28(F)(4)(c) ("[T]he period of post-release control for all of the sentences shall be the period of post-release control that expires last * * *.").

{¶10} Although the court did not inform Mr. George  pursuant to R.C. 2943.032  that if he violated the terms and conditions of PRC he may be returned to prison for up to nine months for each individual violation, the court nonetheless correctly informed him that the maximum cumulative prison term for all PRC violations was one-half of his prison term. *See* R.C. 2967.28(F)(3). *See also State v. Bari*, 8th Dist. Cuyahoga No. 90370, 2008-Ohio-3663, ¶ 51-52 (stating courts need not provide a rote recitation of R.C. 2943.032(E) and thus substantially comply when they overstate the time specified in the statute, resulting in no prejudice).

{¶11} The trial court did err, however, while explaining the potential consequences for being convicted of a new felony offense while on PRC, as it repeatedly referred to PRC as "parole":

> It means that, if you pick up a new felony *while you are on parole*, your new Judge can add time on to your new sentence just because you picked it up *while you were on parole*. That Judge could add the greater of a year or whatever time was left *on your parole* and can run it consecutive. So I want to make sure you understand the penalties that can happen to you after prison if you don't get out on judicial and you stay in until your sentence expires or what can happen *with parole*; do you understand that?

(Emphasis added.). Parole is a decidedly different form of release than PRC. *See Clark* at ¶ 35-37. By using the two terms interchangeably here, the trial court erroneously informed Mr. George that he would be subject to a hybrid of the two concepts that does not exist under Ohio law. *See id.* at ¶ 15, 34. This "completely obfuscate[s]" the maximum sentence, to the point that it is unclear how the sentence will end and what sanctions the defendant will face upon release from prison. *Id.* at ¶ 34.

{¶12} Accordingly, because the trial court inaccurately stated Mr. George's five-year mandatory term of PRC was "likely" and further confused PRC with parole, this Court is constrained to conclude that Mr. George did not subjectively understand the implications of his guilty pleas. *See Clark* at ¶ 31. Consequently, the trial court failed to substantially comply with the mandates of Crim.R. 11 in explaining PRC to Mr. George.

{¶13} Our analysis does not end there, however, and we must now determine whether the trial court partially complied with Crim.R. 11 or failed to comply with it. *Clark* at ¶ 32. Upon review, we determine that the court partially complied with the rule. Again, the trial court did not wholly neglect to inform Mr. George of PRC. *Compare Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, at ¶ 4. The court began explaining PRC to Mr. George accurately at first, but then mistakenly offered some inaccurate information as well. In light of the trial court's partial compliance with the rule, Mr. George bears the burden of demonstrating prejudice for his plea to be vacated. *See Clark* at ¶ 32. Again, "[t]he test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, quoting *Nero* at 108. Mr. George does not argue, however, that but for the trial court's alleged errors he would not have otherwise pled guilty in this matter. *See State v. Pope*, 9th Dist. Summit Nos. 26928 and 27096, 2014-Ohio-3212, ¶ 15. Because Mr.

George has failed to allege  let alone demonstrate  any prejudice, his guilty pleas need not be vacated. *See Clark* at ¶ 32.

**{¶14}**  Mr. George's first assignment of error is overruled.

## **ASSIGNMENT OF ERROR TWO**

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO PRESENT MITIGATION AT THE TIME OF SENTENCING

**{¶15}**  In his second assignment of error, Mr. George argues that trial counsel was ineffective for failing to present mitigation at the time of sentencing.  During oral argument, however, Mr. George withdrew his second assignment of error.

### III.

**{¶16}**  Mr. George's first assignment of error is overruled.  His second assignment of error has been withdrawn.  The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JOSEPH C. PATITUCE and BETHANY R. STEWART, Attorneys at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO GUEST, Assistant Prosecuting Attorney, for Appellee.