[Cite as *State v. McKnight*, 2023-Ohio-1933.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

SCOTT R. McKNIGHT

    Appellant

C.A. No.     22CA0027-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    21CR0308

DECISION AND JOURNAL ENTRY

Dated: June 12, 2023

HENSAL, Judge.

**{¶1}** Scott McKnight appeals his convictions for endangering children by the Medina County Court of Common Pleas. This Court affirms.

I.

**{¶2}** Three-month-old A.M. suffered numerous injuries while in Mr. McKnight's care. Mr. McKnight was charged with one count of felonious assault in violation of Revised Code Section 2903.11(A)(1) and one count of endangering children in violation of Section 2919.22(B)(1), both second-degree felonies. He pleaded guilty to lesser charges: two counts of endangering children in violation of Section 2919.22(A), which is a third-degree felony. The trial court determined that the convictions should not merge for purposes of sentencing and sentenced Mr. McKnight to consecutive prison terms of thirty-six months. Mr. McKnight appealed, assigning six errors for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY NOT FINDING THAT TWO COUNTS OF ENDANGERING CHILDREN ARE MERGED FOR PURPOSES OF SENTENCING.

{¶3}    Mr. McKnight's first assignment of error argues that the trial court erred by sentencing him for each count of endangering children.  This Court does not agree.

{¶4}    Under Section 2941.25(B), "a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus." *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, paragraph three of the syllabus.  The analysis of allied offenses is specific to the facts of each case drawn from evidence at trial or in connection with a plea or sentencing hearing. *Id.* at ¶ 26.  "[A] defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense." *Id.*  A defendant may be convicted of multiple counts of the *same* offense when the record supports the conclusion that they were committed separately or with a separate animus. *See id.* at paragraph three of the syllabus. *See also State v. Andrews*, 9th Dist. Summit No. 29260, 2020-Ohio-2703, ¶ 52.  This Court must "apply a de novo standard of review in reviewing a trial court's * * * merger determination" under Section 2941.25. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, ¶ 28.

{¶5}    Section 2919.22(A) provides that "[n]o person who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a

duty of care, protection, or support."[1]   Unlike violations of Section 2919.22(B), violations of Section 2919.22(A) are "characterized by acts of omission rather than acts of commission."  *State v. Kamel*, 12 Ohio St.3d 306, 309 (1984).  A violation of Section 2919.22(A) occurs when an individual inexcusably fails to act to discharge a duty to protect a child and, as a result, a substantial risk to the child's health or safety occurs.  *Id*. at paragraph one of the syllabus.

{¶6}   Because Mr. McKnight pleaded guilty, the trial court's merger analysis was based on the information available as a result of the hearings on the change of plea and sentencing, including a presentence investigation report.  *See Ruff* at ¶ 26.  While in Mr. McKnight's care, A.M. sustained multiple injuries.  The trial court noted that A.M. had bruises to her side; under her arms; and on her face, head, and bottom.  When A.M.'s mother came home from work on the day that A.M. was hospitalized, she picked up the baby and noticed that she seemed weak.  A.M. was later diagnosed with significant bleeding in the right side of her brain and bleeding in the lumbar and thoracic regions of her spine.

{¶7}   As the trial court observed, A.M. sustained multiple, distinct injuries.  Because Mr. McKnight was A.M.'s caregiver over the course of this period, the evidence before the trial court demonstrated more than one occasion on which he created a substantial risk to A.M.'s health or safety by "violating a duty of care, protection, or support" to seek care for her injuries.  R.C. 2919.22(A).  *See also Kamel*, 12 Ohio St.3d at 309-310.  The trial court, therefore, did not err by concluding that the violations of Section 2919.22(A) to which Mr. McKnight pleaded guilty were committed separately and with separate animus for purposes of Section 2941.25(B).  *See Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, at paragraph three of the syllabus.  Mr. McKnight's first assignment of error is overruled.

---

[1] Recent amendments to Section 2919.22(A) do not change the substance of the offense.

**ASSIGNMENT OF ERROR II**

THE PLEA AGREEMENT BETWEEN [MR.] MCKNIGHT AND THE STATE
IS VOID.

**{¶8}** In his second assignment of error, Mr. McKnight argues that his plea agreement is void because there was no meeting of the minds with respect to merger. A plea agreement may include stipulations of fact related to merger under Section 2941.25(B), but "[w]hen the plea agreement is silent on the issue of allied offenses of similar import * * * the trial court is obligated * * * to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 29. *See also State v. Bishop*, 1st Dist. Hamilton No. C-220231, 2023-Ohio-947, ¶ 24. In this case, there is no written plea agreement, and the record does not contain any stipulations of fact related to merger. The trial court was therefore obligated to undertake a merger analysis in the absence of stipulations. *See Underwood* at ¶ 29. The State emphasized during sentencing that its position had always been that Mr. McKnight should be convicted of two offenses, and Mr. McKnight did not move to withdraw his plea at any point. *Compare Bishop* at ¶ 24.

**{¶9}** The record, therefore, does not demonstrate that merger was a subject of the parties' plea agreement. To the extent that Mr. McKnight's argument relies on evidence outside of the record, it is not appropriate for consideration in a direct appeal. *See State v. Wolfson*, 4th Dist. Lawrence No. 02CA28, 2003-Ohio-4440, ¶ 20. Mr. McKnight's second assignment of error is overruled.

**ASSIGNMENT OF ERROR III**

[MR.] MCKNIGHT'S PLEA WAS NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

{¶10} Mr. McKnight's third assignment of error argues that his plea was not knowingly, voluntarily, and intelligently made because he believed that his convictions for endangering children would merge and because the trial court incorrectly informed him of his potential post-release control obligation. With respect to merger, Mr. McKnight's brief incorporates by reference the arguments made in support of his first and second assignments of error. Appellate Rules 12(A)(2) and 16(A)(7) require an appellant to set forth a separate argument in support of each assigned error. *State v. Calhoun*, 9th Dist. Summit No. 29604, 2021-Ohio-1713, ¶ 24. For this reason, an appellant "cannot 'incorporate the arguments contained in the other assignments of error to support a different assignment of error.'" *Id.*, quoting *State ex rel. Midview Local School Dist. Bd. of Edn. v. Ohio School Facilities Comm.*, 9th Dist. Lorain No. 16CA010991, 2017-Ohio-6928, ¶ 29. In doing so, Mr. McKnight "improperly asks this Court to extrapolate and apply [his] argument in a prior assignment of error." *State v. Gales*, 9th Dist. Summit No. 29316, 2022-Ohio-776, ¶ 35, quoting *State ex rel. Midview Local School Dist. Bd. of Edn.* at ¶ 29. This Court declines to do so.

{¶11} Mr. McKnight has also argued that his plea was not knowingly, intelligently, and voluntarily made because the trial court misinformed him about his potential post-release control obligations during the plea hearing. "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). In Ohio, the process for accepting pleas of guilty or no contest to felony charges is governed by Criminal Rule 11(C). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 8. Although trial courts must strictly comply with the constitutional components of the colloquy, which are set forth in Rule 11(C)(2)(c), only substantial

compliance with the nonconstitutional components is required. *See State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. When a trial court does not fully address nonconstitutional aspects of the colloquy required by Rule 11, the defendant "must affirmatively show prejudice to invalidate a plea[.]" *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, ¶ 14, citing *Veney* at ¶ 17. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶12} Under Section 2967.28(B)(4), an offender who commits a third-degree felony that is an offense of violence is subject to a period of post-release control of up to three years and not less than one year. During Mr. McKnight's plea hearing, the trial court informed him that, if sentenced to prison, he would subsequently be placed on post-release control "for up to two years." The trial court, therefore, misstated the maximum potential period and omitted the mandatory one-year minimum period of post-release control. The trial court did not, however, entirely fail to inform Mr. McKnight that he faced a period of post-release control, and the trial court notified him of the consequences that he would face for a violation of the terms of post-release control. *See* R.C. 2967.28(F)(3).

{¶13} Because the trial court partially complied with Rule 11(C)(2)(a), Mr. McKnight bears the burden of demonstrating prejudice. *See State v. George*, 9th Dist. Summit No. 29292, 2019-Ohio-3871, ¶ 13. Mr. McKnight has not argued, however, that but for the trial court's errors, he would not have pleaded guilty. *See id. See generally Dangler* at ¶ 16, quoting *Nero* at 308. This Court will not develop a prejudice argument on Mr. McKnight's behalf. *See generally Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8-9 (May 6, 1998). Mr. McKnight's third assignment of error is overruled.

**ASSIGNMENT OF ERROR IV**

THE TRIAL COURT ERRED BY SENTENCING [MR.] MCKNIGHT [TO THE] MAXIMUM SENTENCE AVAILABLE CONTRARY TO THE RELEVANT SENTENCING FACTORS.

{¶14} In his fourth assignment of error, Mr. McKnight argues that the trial court erred by sentencing him to maximum prison terms. "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, [and] to punish the offender * * * using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). Trial courts have discretion in fashioning felony sentences with consideration for the factors provided in R.C. 2929.12(B)-(F). R.C. 2929.12(A). "R.C. 2929.12(B) includes factors that suggest that the offense is more serious. R.C. 2929.12(C) includes factors suggesting the offense is less serious. The recidivism factors—factors indicating an offender is more or less likely to commit future crimes—are set forth in R.C. 2929.12(D) and (E)." *State v. Thrasher*, 9th Dist. Summit No. 27547, 2015-Ohio-2504, ¶ 5. With respect to maximum sentences, a trial court has "full discretion to impose a prison sentence within the statutory range" and is "no longer required to make findings or give * * * reasons for imposing maximum * * * sentences." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus. *See also State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 20.

{¶15} This Court may modify or vacate a felony sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. *See also* R.C. 2953.08(G)(2). Section 2953.08(G)(2)(b), however, "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the

sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 39. *See also State v. Brunson*, Slip Opinion No. 2022-Ohio-4299, ¶ 69. When reviewing felony sentences that are imposed after consideration of the factors set forth in Sections 2929.11 and 2929.12, therefore, this Court does not analyze whether maximum sentences are supported by the record; our consideration is limited to whether maximum sentences are contrary to law. *See Jones* at ¶ 39; R.C. 2953.08(G)(2)(b).[2] A sentence is "otherwise contrary to law" for purposes of Section 2953.08(G)(2)(b) when it is "in violation of statute or legal regulations at a given time." *Jones* at ¶ 34, quoting Black's Law Dictionary 328 (6th Ed.1990).

{¶16} Mr. McKnight's only argument is that the evidence in the record does not support the conclusion that maximum prison terms are warranted under Sections 2929.11 and 2929.12. Section 2953.08(G)(2), however, does not authorize this Court to consider whether the maximum sentences are supported by the record. *See Jones* at ¶ 39. Although Mr. McKnight also references the findings that are required to impose consecutive sentences under Section 2929.14(C)(4), he has not developed an argument that the trial court erred by imposing consecutive sentences. This Court will not construct an argument on his behalf. *See State v. Finch-Ball*, 9th Dist. Summit Nos. 29821, 29822, 2021-Ohio-2221, ¶ 14, citing *Cardone*, 1998 WL 224934, at *8. Mr. McKnight's fourth assignment of error is, therefore, overruled.

### ASSIGNMENT OF ERROR V

[MR.] MCKNIGHT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENT[S] OF [THE] UNITED STATES CONSTITUTION.

---

[2] In *Jones*, the Supreme Court of Ohio rejected the view that a sentence is "contrary to law" under Section 2953.08(G)(2)(b) when a trial court's findings under Sections 2929.11 and 2929.12 are not supported by the evidence. *Jones* at ¶ 32-39.

{¶17} Mr. McKnight's fifth assignment of error argues that trial counsel was ineffective because his attorney did not move to withdraw his plea for the reasons set forth in his first and second assignments of error. A defendant who pleads guilty waives the right to raise issues related to ineffective assistance of counsel on appeal unless they resulted in an involuntary plea. *State v. Carroll*, 9th Dist. Lorain No. 06CA009037, 2007-Ohio-3298, ¶ 5, citing *State v. Barnett*, 73 Ohio App.3d 244, 248 (2d Dist.1991) and *State v. Dallas*, 9th Dist. Wayne No. 06CA0033, 2007-Ohio-1214, ¶ 4. In order to demonstrate ineffective assistance of counsel, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (holding that the *Strickland* test applies when a defendant challenges the effectiveness of counsel in connection with a guilty plea).

{¶18} "[A] defendant who claims ineffective assistance of trial counsel * * * must show from the record that the elements of the claim exist." *State v. Lawson*, 165 Ohio St.3d 445, 2021-Ohio-3566, ¶ 101. In a direct appeal, it is "impossible to determine whether [an] attorney was ineffective in his representation * * * where the allegations of ineffectiveness are based on facts not appearing in the record." *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983). Consequently, a claim of ineffective assistance that necessarily relies on proof outside the record is not appropriately raised in a direct appeal. *State v. Madrigal*, 87 Ohio St.3d 378, 390-391 (2000).

{¶19} As noted above, Mr. McKnight's arguments rely on evidence outside the record. As such, they are not appropriate for consideration in a direct appeal, and his fifth assignment of error is overruled.

**ASSIGNMENT OF ERROR VI**

THE TRIAL COURT ERRED BY CONSIDERING PHOTOS OF UNKNOWN
ORIGIN WHEN SENTENCING [MR.] MCKNIGHT.

**{¶20}** Mr. McKnight's sixth assignment of error is that the trial court erred by considering a book of photographs during sentencing that was provided with the presentence investigation report. Appellate Rule 16(A)(7) requires the brief of an appellant to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." *See also* Local Rule 16(A)(7). "Consistent with this Rule, when 'an appellant relies solely on a recitation of the facts without any legal argument, we may disregard an assignment of error.'" *State v. Ivery*, 9th Dist. Summit No. 28551, 2018-Ohio-2177, ¶ 17, quoting *State v. Jackson*, 9th Dist. Summit No. 27739, 2017-Ohio-278, ¶ 32.

**{¶21}** Mr. McKnight's argument in support of his sixth assignment of error consists only of a recitation of certain facts related to his sentencing hearing. He has not made any legal arguments in support of his position. *See id.* This Court declines to develop one on his behalf. *State v. Calise*, 9th Dist. Summit No. 26027, 2012-Ohio-4797, ¶ 28. Mr. McKnight's sixth assignment of error is overruled.

III.

**{¶22}** Mr. McKnight's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

S. FORREST THOMPSON, Prosecuting Attorney, and VINCENT V. VIGLUICCI, Assistant Prosecuting Attorney, for Appellee.