[Cite as *State v. Jacobson*, 2025-Ohio-2849.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 31299 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SCOTT JACOBSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2024-07-2214-A |

DECISION AND JOURNAL ENTRY

Dated: August 13, 2025

SUTTON, Judge.

{¶1} Defendant-Appellant Scott Jacobson appeals the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} Mr. Jacobson was indicted on 10 counts of pandering sexually-oriented matter involving a minor, in violation of R.C. 2907.321(A)(1)(C) and R.C. 2907.322(A)(1)(C), felonies of the second degree; 2 counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), felonies of the third degree; and 2 counts of rape, in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree. The rape counts each carried a possible penalty of 15 years to life or life without parole. Each count of rape also had sexually violent predator specifications attached pursuant to R.C. 2941.148(A). The specifications, if proved, would require a sentence of life without parole.

Mr. Jacobson originally pleaded not guilty to all counts. He then changed his plea to guilty on all 10 counts, including both counts of rape, but excluding the sexually violent predator specifications.

{¶3} Mr. Jacobson waived his right to a jury trial on the sexually violent predator specifications and opted for a bench trial. Prior to the bench trial, Mr. Jacobson filed a motion to dismiss the sexually violent predator specifications claiming the State could not prove Mr. Jacobson had any prior convictions for rape. After a bench trial was had, the trial court denied Mr. Jacobson's motion to dismiss and found Mr. Jacobson guilty of the sexually violent predator specifications, pursuant to R.C. 2971.01(H)(2)(C) and (F), stating "there is sufficient evidence to support a finding that [Mr. Jacobson] is likely to engage in the future in one or more sexually violent offenses."

{¶4} The trial court sentenced Mr. Jacobson to a prison term of life without parole on both counts of rape and on the sexually violent predator specifications to run concurrently for an aggregate sentence of life without parole.

{¶5} Mr. Jacobson now appeals raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**MR. JACOBSON'S GUILTY PLEAS TO TWO COUNTS OF RAPE WERE NOT ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.**

{¶6} In his sole assignment of error, Mr. Jacobson argues his guilty pleas to the two counts of rape were not entered into knowingly, intelligently, and voluntarily. Specifically, Mr. Jacobson claims, pursuant to Crim.R. 11(C)(2)(a), the trial court did not inform Mr. Jacobson "of the fact that by pleading guilty to rape, as charged in [c]ounts 8 and 15, he was establishing the basis for conviction on the sexually violent predator specifications" attached to those counts with

a mandatory sentence of life without parole. For the following reasons, however, Mr. Jacobson's argument is not persuasive.

## Crim. R. 11

{¶7} "A criminal defendant's choice to enter a guilty plea is a serious decision." *State v. Blouir*, 2022-Ohio-1222, ¶ 12 (9th Dist.), quoting *State v. Bishop*, 2018-Ohio-5132, ¶ 10, citing *State v. Clark*, 2008-Ohio-3748, ¶ 25. "Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid." *Id*.

{¶8} In felony cases, the Supreme Court of Ohio has indicated:

Crim.R. 11(C) prescribes the process that a trial court must use before accepting a plea of guilty to a felony. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 8. The trial court must follow certain procedures and engage the defendant in a detailed colloquy before accepting his or her plea. *Clark*, [2008-Ohio-3748] at ¶ 26]; *see* Crim.R. 11(C). The court must make the determinations and give the warnings that Crim.R. 11(C)(2)(a) and (b) require and must notify the defendant of the constitutional rights that Crim.R. 11(C)(2)(c) identifies. *Veney* at ¶ 13. While the court must strictly comply with the requirements listed in Crim.R. 11(C)(2)(c), the court need only substantially comply with the requirements listed in Crim.R. 11(C)(2)(a) and (b). *Id*. at ¶ 18.

*Bishop* at ¶ 11. Specifically, Crim.R. 11(C) states:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the

defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶9} "'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect.' To demonstrate prejudice in this context, the defendant must show that the plea would otherwise not have been entered." *Veney* at ¶ 15, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶10} Here, during the plea colloquy, the trial court told Mr. Jacobson that, without the sexually violent predator specifications, the maximum sentence for both rape counts could be 15 years to life or *life without parole*. As such, the trial court substantially complied with Crim.R. 11(C)(2)(a) because it explained the nature of the charges and the maximum penalty involved for both counts of rape, life without parole. Upon hearing this information, Mr. Jacobson chose to move forward with the guilty pleas on both counts of rape. Additionally, a review of the sentencing transcript reveals the trial court, in fact, sentenced Mr. Jacobson on the underlying counts of rape to life without parole.

{¶11} Further, Mr. Jacobson does not argue or demonstrate any prejudice by showing that the plea would otherwise not have been entered into on both counts of rape. The record clearly shows the trial court informed Mr. Jacobson, pursuant to Crim.R. 11(C)(2)(a), that the maximum penalty on both counts of rape could potentially be life without parole. The trial court then sentenced Mr. Jacobson to life without parole based upon the ages of the victims, the victim impact statements, the transcription of the interview with one of the child victims, and letters sent to the court in support of a victim impact statement. *But see State v. Sherrard*, 2003-Ohio-365, ¶ 18 (9th

Dist.), wherein this Court reversed a guilty plea to 16 counts of gross sexual imposition, with the sexually violent predator specification severed for trial. At the plea hearing in *Sherrard*, the trial court advised the defendant of the maximum penalty of 5 years for gross sexual imposition but failed to inform the defendant he could receive a maximum sentence of life imprisonment if he was later convicted of the sexually violent offender specifications attached to those counts. In *Sherrard* at ¶ 23, this Court explained: "the sexually violent predator specification enhanced [Mr. Sherrard's] prison term; the maximum amount of time [Mr. Sherrard] could have spent in prison on a single count of gross sexual imposition increased from five years to life imprisonment. The record reveals that the trial court did not inform [Mr. Sherrard] of the potential maximum penalty of life imprisonment."

{¶12} Here, unlike *Sherrard*, Mr. Jacobson was advised, prior to entering his guilty pleas, he could potentially receive the maximum penalty of life without parole on both of the underlying rape charges. Indeed, the maximum amount of time Mr. Jacobson could have potentially spent in prison did not increase based upon the sexually violent predator specifications in this case.

{¶13} Based upon this record, and in considering the totality of the circumstances, the trial court substantially complied with the requirements listed in Crim.R. 11(C)(2)(a) and Mr. Jacobson has failed to demonstrate prejudice.

{¶14} Accordingly, Mr. Jacobson's sole assignment of error is overruled.

III.

{¶15} For the foregoing reasons, Mr. Jacobson's assignment of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
CONCURS.

HENSAL, J.
CONCURS IN JUDGMENT ONLY.

{¶16} I agree the judgment of the trial court must be affirmed. Because I would approach the analysis differently based on my reading of Mr. Jacobson's argument, I concur in judgment only.

{¶17} Before a trial court accepts a guilty plea, it must ensure that a defendant understands the nature of the charges, the maximum penalty involved, and the effect of his plea. Crim.R. 11(C)(2)(a), (b). The court must substantially comply with Criminal Rule 11's nonconstitutional

notification requirements. *State v. McKnight*, 2023-Ohio-1933, ¶ 11 (9th Dist.). If it fails to substantially comply with Criminal Rule 11 but at least partially complies with the rule, "the plea may be vacated only if the defendant demonstrates a prejudicial effect." *State v. Clark*, 2008-Ohio-3748, ¶ 32. The test for prejudice "is whether the plea would have otherwise been made." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "If the trial judge completely fail[s] to comply with the rule, . . . the plea must be vacated." *Clark* at ¶ 32. In the instance of a complete failure to comply, a defendant need not demonstrate prejudice. *Id.*, quoting *State v. Sarkozy*, 2008-Ohio-509, ¶ 22.

{¶18} As noted by the majority, Mr. Jacobson pleaded guilty to two counts of rape, both of which carried sexually violent predator specifications. Due to the age of the victims, the rape counts carried a potential maximum sentence of life without parole. *See* R.C. 2907.02(B) (giving sentencing courts the discretion to impose a sentence of life without parole when the victim is less than ten). If the trial court chose not to impose that sentence, then Mr. Jacobson was subject to an indefinite sentence with a minimum of fifteen years and a maximum of life imprisonment. R.C. 2971.03(B)(1)(b).

{¶19} Mr. Jacobson's rape counts also contained specifications for being a sexually violent predator. He chose to go to trial on those specifications. If found guilty, he was no longer subject to an indefinite sentence on his rape counts. Nor would the trial court have any choice as to whether to sentence him to life without parole. If found guilty of rape and a sexually violent predator specification, Mr. Jacobson would be subject to a mandatory term of life without parole. R.C. 2971.03(A)(2).

{¶20} During his plea hearing, the trial court told Mr. Jacobson that he could receive "up to a maximum of life without parole" on each of his rape counts. Mr. Jacobson does not dispute

that he received those notifications. He argues that his plea was not intelligently, voluntarily, and knowingly entered for two reasons. First, he argues that he was never told his guilty pleas on the rape counts, standing alone, would prove he was a sexually violent predator under Revised Code 2971.01(H)(1). He claims that the trial court's failure to advise him of that fact amounted to a complete failure to substantially comply with Criminal Rule 11, making it unnecessary for him to prove resulting prejudice. *See Sarkozy*, 2008-Ohio-509, at ¶ 22. Second, and relatedly, he argues that he was never told a term of life without parole would be mandatory upon proof that he was a sexually violent predator. He argues that the trial court failed to inform him of the full consequences of his plea and the maximum penalty involved.

{¶21} In reviewing Mr. Jacobson's argument, I would first conclude that he has not shown the trial court completely failed to comply with Criminal Rule 11(C)'s notification requirements. Mr. Jacobson has not established his claim that his rape convictions, standing alone, proved he was a sexually violent predator. Revised Code 2971.01(H)(1) defines a "sexually violent predator" as a person "who, on or after January 1, 1997, commits a sexually violent offense *and* is likely to engage in the future in one or more sexually violent offense." (Emphasis added.) The statute contains six subsections, outlining factors a court may consider as evidence of a person's likelihood of engaging in future sexually violent offenses. *See* R.C. 2971.01(H)(2)(a)-(f). The record reflects that the State introduced evidence relevant to more than one of those factors, including a prior conviction from West Virginia. Mr. Jacobson has not addressed the statutory factors the trial court discussed at his trial or the evidence the State produced. He has not shown that, because he pleaded guilty to the rapes, it was impossible for him to be acquitted of the sexually violent predator specifications. I would not create an argument on his behalf. *See* App.R. 16(A)(7). Because he has not shown that his rape convictions effectively proved he was a sexually

violent predator, I would reject his argument that the trial court had to inform him of that fact at the time of his plea.

{¶22} I would next consider the impact of the trial court's failure to notify Mr. Jacobson that he would be subject to a *mandatory* term of life without parole on his rape counts if found guilty of his sexually violent predator specifications. In *State v. Sherrard*, this Court stated:

> The possibility that a penalty will be enhanced because of an attached sexually violent predator specification is always present. For this reason, we believe that a sexually violent predator specification cannot be ignored during a plea hearing on the underlying charge; the trial court should treat the specification as part of the charge to which the defendant is pleading guilty, even though the defendant has chosen to proceed to trial on the specification. A trial court should include in the definition of "maximum penalty" the amount of time a sexually violent predator specification may enhance a prison term, even though the defendant has not yet been convicted of or pleaded guilty to the sexually violent predator specification.

2003-Ohio-365, ¶ 22 (9th Dist.). The trial court's failure to convey to Mr. Jacobson that his potential sentence of life without parole would become mandatory if he was found guilty on the specifications amounted to partial compliance with Criminal Rule 11(C). *See id.* at ¶ 24-25. Thus, to vacate his plea, Mr. Jacobson had to show that, but for the trial court's error, he would not have pleaded guilty. *Nero*, 56 Ohio St.3d at 108.

{¶23} I would conclude that Mr. Jacobson has not established prejudice as a result of the trial court's notification error. Mr. Jacobson knew he could be sentenced to life without parole on his rape counts because the trial court informed him of that fact. Even apart from the specifications, the trial court could have exercised its sound discretion and imposed that term. *See* R.C. 2907.02(B). *Compare Sherrard* at ¶ 25-28 (defendant prejudiced by court's notification failure where underlying convictions for gross sexual imposition did not carry a potential term of life without parole). Further, Mr. Jacobson has not even suggested that he had any potential defenses to his rape charges. He admitted his conduct when speaking with the police, and the State

had video evidence of his crimes. The videos, which the police collected from the hard drive of his computer, showed him engaging in sexual conduct with the victims and other children. Mr. Jacobson has not shown that he would not have pleaded guilty if he knew a finding of guilt on his specifications would shift his maximum sentence from optional to mandatory. Thus, I agree the trial court's judgment should be affirmed.

APPEARANCES:

CRAIG M. JAQUITH, Assistant Public Defender, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.