[Cite as *State v. Blackburn*, 2024-Ohio-1524.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 23CA012000 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARK BLACKBURN | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 20CR102177 |

DECISION AND JOURNAL ENTRY

Dated: April 22, 2024

CARR, Presiding Judge.

{¶1}   Appellant, Mark Blackburn, appeals the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}   On March 6, 2020, the Lorain County Grand Jury indicted Blackburn on two counts of kidnapping, both of which contained sexual motivation and sexually violent predator specifications, as well as two counts of rape.  Blackburn pleaded not guilty to the charges.

{¶3}   Blackburn ultimately entered into a plea agreement with the State.  The two kidnapping charges were dismissed, and Blackburn pleaded guilty to two amended counts of sexual battery in violation of R.C. 2907.03(A)(5), felonies of the third degree.  The plea agreement did not contain an agreement with respect to sentencing.  The trial court ordered a presentence investigation report.  The trial court imposed a four-year prison sentence for each count of sexual

battery and ordered those sentenced to be served consecutively.  Blackburn was further ordered to register at a Tier III Sex Offender.

{¶4}    On appeal, Blackburn raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES WAS CLEARLY AND CONVINCINGLY UNSUPPORTED BY THE RECORD.

{¶5}    In his first assignment of error, Blackburn argues that the trial court's decision to impose consecutive sentences was not supported by the record.  This Court disagrees.

{¶6}    The Supreme Court of Ohio has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2). With respect to the imposition of consecutive sentences, "[t]he language of R.C. 2953.08(G)(2) mandates that an appellate court may increase, reduce, or otherwise modify consecutive sentences only if the record does not 'clearly and convincingly' support the trial court's R.C. 2929.14(C)(4) consecutive-sentence findings.  The clear-and-convincing standard for appellate review in R.C. 2953.08(G)(2) is written in the negative." *State v. Gwynne*, Slip Opinion No. 2023-Ohio-3851, ¶ 13.

{¶7}    "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶8}    R.C. 2929.14(C)(4) provides as follows:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9}    A review of the record reveals that the child victim in this case was an 11-year-old girl at the time the incidents occurred.  Blackburn was the longtime boyfriend of the child victim's grandmother ("Grandmother").  The offense synopsis contained in the PSI was based on the information in the Lorain County Prosecutor's file.  The offense synopsis indicated that the offenses took place on occasions when the child victim was supposed to be staying with Grandmother.  Grandmother would drop off the child victim at Blackburn's house for the evening and then return early in the morning.[1]  The child victim knew she was supposed to be with Grandmother and she did not want to stay with Blackburn.  Blackburn showed the child victim pornographic videos and photos prior to perpetrating the offenses.  The child victim attempted to avoid Blackburn and on one occasion hid from him in the closet.  The child provided detailed

---

[1] During an interview with law enforcement, Grandmother disputed the child victim's account that child victim frequently stayed with Blackburn.  Grandmother indicated that the child victim stayed with Blackburn on two occasions.

accounts of the sexual assaults to law enforcement. The PSI indicates that Blackburn did not provide a written statement on the investigation questionnaire.

{¶10} Although the child victim did not wish to make a statement at the sentencing hearing, the child victim's mother ("Mother") and father ("Father") stated that Blackburn's actions changed the direction of the child victim's life. Mother explained that the manner in which Blackburn took advantage of the child victim resulted in the child victim experiencing an "absolute destruction of trust in others[.]" Father explained that the child victim looked up to Blackburn as a grandfather-figure and that Blackburn betrayed that trust. Father further stated that the child victim has undergone extensive therapy. In addition to having a devastating impact on the child victim's familial relationships, the child victim has suffered from body dysmorphia and eating disorders.

{¶11} Grandmother attempted to make a statement on behalf of Blackburn at sentencing. The trial court stopped Grandmother when she began to question the veracity of the allegations.

{¶12} On the record at sentencing, the trial court made a finding pursuant to R.C. 2929.14(C)(4) that consecutive sentences were necessary to protect the public from future crime and to punish Blackburn and, further, that consecutive sentences were not disproportionate to the seriousness of Blackburn's conduct and the danger he posed to the public. The trial court made an additional finding pursuant to R.C. 2929.14(C)(4)(b) that Blackburn committed multiple offenses as part of one or more courses of conduct and that the harm caused by those offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflected the seriousness of the conduct. The trial court's findings in support of consecutive sentences were reflected in the sentencing entry.

{¶13} On appeal, Blackburn argues that the record does not support the trial court's decision to impose consecutive sentences. Blackburn emphasizes that he was 65 years old at the time of sentencing, that he did not have a significant criminal record, and that he took full responsibility for his actions. Blackburn further notes that his risk assessment score in the PSI was very low. Furthermore, while Blackburn acknowledged that the injury suffered by the child victim in this case was upsetting, Blackburn argues that his conduct was "not so great or unusual for crimes of a sexual nature[]" and that this case did not involve the worst form of sexual battery. (Internal quotations and citations omitted.)

{¶14} Blackburn's argument is without merit. A review of the record does not support Blackburn's contention regarding the seriousness of his conduct. Blackburn engaged in highly manipulative tactics in order to perpetrate multiple sexual assaults against an 11-year-old girl who was placed in his care. This case involved a situation where Blackburn took advantage of his position of authority and the fact that the child victim looked to him as a grandfather-like figure. In addition to the fact that Blackburn's conduct was disturbing in nature, Blackburn is responsible for the enduring trauma that continues to plague the child victim, as well as her family. Accordingly, in light of the record in this case, Blackburn has failed to demonstrate the record does not support the trial court's findings in support of consecutive sentences.

{¶15} Blackburn's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT'S IMPOSITION OF THE PRISON SANCTION WAS CLEARLY AND CONVINCINGLY UNSUPPORTED BY THE RECORD[.]

{¶16} In his second assignment of error, Blackburn argues that a review of the record reveals that the trial court failed to consider the principles and purposes of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12.

{¶17} As noted above, the Supreme Court has held that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, at ¶ 1; R.C. 2953.08(G)(2).

{¶18} In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 42, the Supreme Court of Ohio concluded that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and R.C. 2929.12." *Id*. The Supreme Court explained that "R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12, because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in that provision." *Id*. at ¶ 31. The high court further observed that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id*. at ¶ 32.

{¶19} Here, Blackburn challenges his sentence on the basis that the record does not support the imposition of a prison sanction and that the trial court failed to properly consider the factors set forth in R.C. 2929.11 and R.C. 2929.12. This Court has held that "[p]ursuant to the Supreme Court's decision in *Jones*, however, we are precluded from undertaking a review of this nature. *State v. Knight*, 9th Dist. Wayne Nos. 20AP0043, 20AP0050, 2022-Ohio-2184, ¶ 11, citing *Jones* at ¶ 42. We note that Blackburn, in his reply brief, attempts to distinguish this case from *Jones* and *Knight* on the basis that those cases did not involve scenarios where there was a "vast

gulf" between the record and the sentences imposed by the trial court. This Court remains mindful that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Jones* at ¶ 32. As Blackburn has not demonstrated that his sentence is otherwise contrary to law, he cannot prevail on his assignment of error.

{¶20} Blackburn's second assignment of error is overruled.

### III.

{¶21} Blackburn's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                        _____

                                          DONNA J. CARR
                                          FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

JOHN KOPASAKIS, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.