[Cite as *State v. Rosa-DeJesus*, 2024-Ohio-2472.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    22CA011843 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| GEOVANNI ROSA-DEJESUS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    21CR104658 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2024

CARR, Judge.

**{¶1}** Defendant-Appellant Geovanni Rosa-DeJesus appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

**{¶2}** In June 2021, an indictment was filed charging Rosa-DeJesus with five counts of rape in violation of R.C. 2907.02(A)(1)(b), (B) and three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4), (C)(2). Three of the rape counts included the allegation that the victim was under the age of ten years old at the time of the offenses. The offenses took place between March 2012 and December 2020. The victim was Rosa-DeJesus' niece.

**{¶3}** Prior to trial, the State filed a motion seeking to allow a trained facility dog to be present in the courtroom when the victim testified at trial. Rosa-DeJesus filed an objection to the State's motion. A brief hearing was held on the motion at which the dog's handler testified. The trial court ruled that the dog could accompany the victim during her testimony at trial.

{¶4}     A jury trial was held.  The jury found Rosa-DeJesus guilty of one count of rape and made a finding that the victim was under ten years of age at the time of the offense.  The jury also found Rosa-DeJesus guilty of the three counts of gross sexual imposition.  The jury found Rosa-DeJesus not guilty of the remaining charges.  The trial court sentenced Rosa-DeJesus to a term of life in prison without the possibility of parole.

{¶5}     Rosa-DeJesus has appealed, raising three assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY ALLOWING THE ALLEGED VICTIM TO HAVE A DOG WITH HER AS SHE TESTIFIED ON THE WITNESS STAND.

{¶6}     In his first assignment of error, Rosa-DeJesus argues that the trial court erred in allowing a facility dog to accompany the victim while she testified at trial.

{¶7}     "The trial court is vested with broad discretion as to how to control and order the interrogation of witnesses at trial."  *State v. Williams*, 9th Dist. Summit No. 29547, 2021-Ohio-2491, ¶ 21, quoting *State v. Hasenyager*, 9th Dist. Summit No. 27756, 2016-Ohio-3540, ¶ 8.  Pursuant to Evid.R. 611(A) the trial court has the authority to

> exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of truth; (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

{¶8}     "When applying Evid.R. 611(A) in the context of a criminal prosecution for alleged sexual abuse of a minor child, courts should recognize that the protection of child victims of sexual abuse forms an important public policy goal in this state and across the nation."  *Hasenyager* at ¶ 9, quoting *State v. Eastham*, 39 Ohio St.3d 307, 310 (1988); *see also* Ohio Constitution, Article I, Section 10a(A)(1) ("To secure for victims justice and due process throughout the criminal and

juvenile justice systems, a victim shall have the following rights, which shall be protected in a manner no less vigorous than the rights afforded to the accused:  (1) to be treated with fairness and respect for the victim's safety, dignity and privacy * * *.)  "Due to this recognition, [s]pecial accommodations * * * are often allowed for child victims of sexual abuse to minimize the emotional trauma and stress of having to testify in a courtroom full of strangers, along with the accused."  (Internal quotations and citations omitted.)  *Hasenyager* at ¶ 9.  This Court has concluded that "Evid.R. 611(A) authorizes trial courts to allow an alleged victim to testify with a companion dog present under particular circumstances."  *Hasenyager* at ¶ 10.

{¶9}    Here, the State moved to permit a trained facility dog to accompany the 13-year-old victim during her testimony.  The State asserted that the purpose of the facility dog was for therapeutic purposes so that the victim would be able to testify in front of Rosa-DeJesus, her uncle, with less stress and more accuracy.  The State cited this Court's case law and several studies in support of its position.  The State noted that the facility dog was trained by an organization that trains dogs to be various types of service and facility dogs.  The State indicated that facility dogs have the same skills as service dogs in addition to skills that are relevant to whatever type of facility the dogs will end up working in.  The facility dog at issue was trained not to vocalize, would not disrupt proceedings, and would lie down by the victim as she testified.  At the time of the motion, the victim had met with the facility dog twice and expressed that she would feel more comfortable testifying with the facility dog present.

{¶10}  Rosa-DeJesus objected to the use of a facility dog.  Rosa-DeJesus argued that the use of the dog did not meet the standard set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  In addition, Rosa-DeJesus asserted that the organization that trained the facility dog lacked credentialing or certification to establish it was qualified to train service or

facility dogs. Rosa-DeJesus also argued that the State did not demonstrate that the dog's handler was certified. Rosa-DeJesus maintained that the presence of the facility dog would distract and unduly influence the jury. Rosa-DeJesus requested that, if the dog was permitted to be present, the jury be given a specific instruction pertaining to its presence, which was set forth in Rosa-DeJesus' objection.

{¶11} Prior to voir dire, the trial court held a brief hearing on the State's motion to permit the presence of the facility dog. The dog's handler testified that she was a victim's advocate and worked for the Lorain County Prosecutor's Office. The dog's handler indicated that the facility dog was in training for two years with the training organization and then she went to the organization for a week of training with the dog. The dog's handler stated that, after that, there was a monthly follow up with organization for six months, yearly follow ups for three years, and then one every three years thereafter. The dog's handler asserted that the facility dog had appeared in court before, and he lies quietly on the floor with the handler nearby in a position that would not be disruptive. The dog's handler acknowledged that the organization that trained the dog was not accredited, but also indicated that the organizations are not required to be.

{¶12} The trial court permitted the facility dog to accompany the victim during her testimony and declined to give a jury instruction about the presence of the dog.

{¶13} On appeal, Rosa-DeJesus asserts that the trial court erred in failing to hold a *Daubert* hearing. However, Rosa-DeJesus has offered no explanation as to how *Daubert* would apply to allowing a facility dog to accompany a victim during trial. "In *Daubert*, the United States Supreme Court held that under Fed.R.Evid. 702, the trial judge has a special obligation to ensure that scientific *testimony* is not only relevant but reliable." (Emphasis added.) *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, ¶ 118, citing *Daubert*, 509 U.S. at 589-590, 597. In *Kumho*

*Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, (1999), "the United States Supreme Court extended this gate-keeping obligation to include all expert *testimony*—i.e., testimony based on technical and other specialized knowledge." (Emphasis added.) *Drummond* at ¶ 118. This matter did not involve expert testimony.

{¶14} Rosa-DeJesus additionally argues that the trial court erred in failing to establish a standard for when a facility dog can accompany a victim, in failing to provide a jury instruction about the facility dog's presence, in allowing the facility dog's presence when the State failed to demonstrate the dog's presence was necessary for this particular victim or that the victim could not testify truthfully without the presence of the dog. Rosa-DeJesus maintained that the presence of the dog was prejudicial because "many people love dogs" and the facility dog "inevitably invoke[d] emotions among jurors in favor of the dog and the persons associated with the dog."

{¶15} Even if we were to agree that the trial court abused its discretion in allowing the facility dog to accompany the victim in this matter, we must conclude that any error in allowing the presence of the facility dog was harmless or did not amount to plain error because it did not affect Rosa-DeJesus' substantial rights. *See* Crim.R. 52.

{¶16} First, the jury found Rosa-DeJesus not guilty of four out of the five counts of rape, despite the victim's testimony which provided evidence in support of all five counts, if believed, and notwithstanding the presence of the facility dog. Thus, it cannot be said upon this record that the presence of the facility dog created so much sympathy or support for the victim that the jury was unable to carefully consider and weigh the evidence and follow the law presented to it.

{¶17} Moreover, nothing in this Court's record evidences that the facility dog caused any disruption in the course of the proceedings. In fact, there is no mention of the dog during the victim's testimony.

{¶18}  In addition, at trial, Rosa-DeJesus' police interview was discussed and the video of it was played for the jury and admitted into evidence.  While in that video, Rosa-DeJesus repeatedly denied conduct that would constitute rape, Rosa-DeJesus did admit to inappropriately touching the victim over articles of clothing, such as underwear and bathing suits.  Initially he only indicated he touched the victim's buttocks, but later in the interview he described touching the area of the victim's crotch and breasts.  Rosa-DeJesus stated that he did so because the victim's father was touching another one of Rosa-DeJesus' nieces and, essentially, Rosa-DeJesus wanted to get back at the victim's father.  Rosa-DeJesus also told the detective that he had pulled his pants down while in the shower area and in the presence of the victim.  Rosa-DeJesus acknowledged that the inappropriate touching occurred on several occasions when the victim was eight or nine years old.  Accordingly, Rosa-DeJesus himself admitted to sexually inappropriate conduct with the victim.

{¶19}  Given the totality of the record before this Court, we cannot say that the presence of the facility dog during the victim's testimony affected Rosa-DeJesus' substantial rights.  The record supports that the jury did not simply just accept all of the victim's testimony, and, instead, weighed the evidence and made credibility determinations; it further appears that some of those credibility determinations were in favor of Rosa-DeJesus.  *See State v. Cross*, 9th Dist. Summit No. 25487, 2011-Ohio-3250, ¶ 35 (noting that a jury is free to believe all, part, or none of the testimony of each witness).

{¶20}  Rosa-DeJesus' first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

TRIAL COUNSEL WAS INEFFECTIVE BY FAILING TO EFFECTIVELY CROSS EXAMINE THE DOG'S HANDLER, ESPECIALLY ABOUT ISSUES RAISED IN HIS WRITTEN OBJECTION.

{¶21} Rosa-DeJesus argues in his second assignment of error that his trial counsel was ineffective in failing to effectively cross-examine the dog's handler at the hearing.

{¶22} In order to prevail on a claim of ineffective assistance of counsel, Rosa-DeJesus must show that trial "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Rosa-DeJesus must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. *State v. Keith*, 79 Ohio St.3d 514, 534 (1997), citing *Strickland* at 687. Second, Rosa-DeJesus must demonstrate that but for counsel's errors, there is a reasonable probability that the results of the trial would have been different. *Keith* at 534.

{¶23} This Court has previously concluded that "decisions regarding cross-examination are within trial counsel's discretion, and cannot form the basis for a claim of ineffective assistance of counsel." *State v. Smith*, 9th Dist. Wayne No. 12CA0060, 2013-Ohio-3868, ¶ 23, quoting *State v. Diaz*, 9th Dist. Lorain No. 04CA008573, 2005-Ohio-3108, ¶ 26.

{¶24} Moreover, for the reasons stated in the portion of this decision addressing Rosa-DeJesus' first assignment of error, we cannot say that trial counsel's performance prejudiced Rosa-DeJesus as we concluded above that the presence of the facility dog during the victim's testimony did not affect Rosa-DeJesus' substantial rights.

{¶25} Rosa-DeJesus' second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM PRISON SENTENCE BECAUSE IT FAILS TO COMPLY WITH [R.C.] 2929.11(A).

{¶26} Rosa-DeJesus argues in his third assignment of error that the trial court erred in imposing the maximum prison sentence because it fails to comply with R.C. 2929.11(A). Rosa-

DeJesus asserts that R.C. 2953.02 authorizes his appeal on this issue and that the trial court imposed an unnecessary burden on government resources by imposing a life sentence without the possibility of parole when there was a lack of evidence that Rosa-DeJesus could not be rehabilitated, in contravention of R.C. 2929.11(A).

{¶27} "The Supreme Court of Ohio has held that 'an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Blackburn*, 9th Dist. Lorain No. 23CA012000, 2024-Ohio-1524, ¶ 6, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2).

{¶28} "In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 42, the Supreme Court of Ohio concluded that '[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and R.C. 2929.12.'" *Blackburn* at ¶ 18, quoting *Jones* at ¶ 42. "The Supreme Court explained that 'R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12, because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in that provision.'" *Blackburn* at ¶ 18, quoting *Jones* at ¶ 31. "The high court further observed that 'an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is "otherwise contrary to law" as that term is used in R.C. 2953.08(G)(2)(b).'" *Blackburn* at ¶ 18, quoting *Jones* at ¶ 32.

**{¶29}** Rosa-DeJesus attempts to avoid this outcome by asserting that he does not seek review under R.C. 2953.08, and instead the basis of his appeal is R.C. 2953.02. He argues *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, supports his claim.

**{¶30}** In *Patrick*, the Supreme Court "consider[ed] whether R.C. 2953.08(D)(3) precludes an appellate court from reviewing a sentence imposed by a trial court for aggravated murder when a defendant raises a constitutional claim regarding that sentence on appeal." *Id.* at ¶ 1. The Supreme Court held that R.C. 2953.08(D)(3) did not prevent review of the constitutional claim. *Id.* In reaching this conclusion, the Supreme Court noted that R.C. 2953.08 was not the only mechanism to appeal a sentence. *Id.* at ¶ 13. The Court pointed to R.C. 2953.02 as also providing a right to appeal the judgment or final order of a lower court. *See id.* at ¶ 16.

**{¶31}** *Patrick* is clearly distinguishable from this case. Rosa-DeJesus is not raising a constitutional challenge to his sentence and the general language in R.C. 2953.02 does not specifically authorize the review contemplated by Rosa-DeJesus. Instead, Rosa-DeJesus is trying to raise what is substantively the same argument that the Supreme Court and this Court have already concluded is barred. *See Blackburn*, 2024-Ohio-1524, at ¶ 19, citing *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, at ¶ 42. If the sentencing issue that Rosa-DeJesus has raised was appealable, it would be so under R.C. 2953.08, as that statute addresses appeals based on the felony sentencing guidelines.

**{¶32}** R.C. 2953.08(G)(2) states:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶33}** R.C. 2953.08(G)(2)(a) does not list R.C. 2929.11, *see Jones* at ¶ 28, and the Supreme Court has determined that "an appellate court's determination that the record does not support a sentence does not equate to a determination that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)." *Id.* at ¶ 32. Thus, Rosa-DeJesus' argument is not reviewable by this Court. *See Blackburn* at ¶ 19, citing *Jones* at ¶ 42.

**{¶34}** Rosa-DeJesus' third assignment of error is overruled.

### III.

**{¶35}** Rosa-DeJesus' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

STEPHEN HANUDEL, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and MARK ANTHONY KOZA, Assistant Prosecuting Attorney, for Appellee.