**[Cite as *State v. Marcum*, 2025-Ohio-2720.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 24CA012180 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| WILLIAM MARCUM | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 24CR11258 |

DECISION AND JOURNAL ENTRY

Dated: August 4, 2025

CARR, Judge.

{¶1} Defendant-Appellant William Marcum appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In May 2024, an indictment was filed charging Marcum with one count of failure to provide notice of change of address and one count of failure to verify address, both felonies of the third degree. Marcum pleaded guilty to the charges.

{¶3} Marcum was sentenced to three years in prison on each count, to be served concurrently to each other, but consecutively to the offenses in two different cases.

{¶4} Marcum has appealed, raising a single assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING A CONSECUTIVE SENTENCE.

{¶5}   Marcum argues in his sole assignment of error that the trial court erred in ordering that the sentence in the instant matter be served consecutively to the sentences in two other cases. Essentially, Marcum asserts that the trial court's findings with respect to consecutive sentences are not supported by the record.

{¶6}   The Supreme Court of Ohio has held that an appellate court may "modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1; R.C. 2953.08(G)(2).   "With respect to the imposition of consecutive sentences, '[t]he language of R.C. 2953.08(G)(2) mandates that an appellate court may increase, reduce, or otherwise modify consecutive sentences only if the record does not "clearly and convincingly" support the trial court's R.C. 2929.14(C)(4) consecutive-sentence findings.  The clear-and-convincing standard for appellate review in R.C. 2953.08(G)(2) is written in the negative.'" *State v. Blackburn*, 2024-Ohio-1524, ¶ 6 (9th Dist.), quoting *State v. Gwynne*, 2023-Ohio-3851, ¶ 13.  "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954).

{¶7}   R.C. 2929.14(C)(4) provides as follows:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶8} The main debate at the sentencing hearing between the prosecutor and the defense attorney was whether Marcum's sentences would be consecutive to each other and/or consecutive to his other cases. The parties and trial court also discussed Marcum's presentence investigation ("PSI") report, which is not part of this Court's record. Marcum's counsel highlighted Marcum's difficulties obtaining housing and problems with drug and alcohol abuse. Marcum himself discussed his difficulties finding appropriate housing. The State, on the other hand, noted that Marcum had prior violations of his sex offender registration reporting requirements and that Marcum's sex offender status arose from a case involving Marcum supplying a 15-year-old child with pills and having sex with her. In addition, the State pointed to Marcum's history of violent offenses and prior community control violations. At the sentencing hearing, and in the sentencing entry, the trial court made the required findings.

{¶9} In order to fully evaluate Marcum's claim that the trial court's findings under R.C. 2929.14(C)(4) were not supported by the record, this Court would need to review the PSI report relied upon by the trial court in sentencing Marcum. "It is the [A]ppellant's responsibility to ensure that the record on appeal contains all matters necessary to allow this Court to resolve the issues on appeal. This includes the PSI where appropriate." (Internal quotations and citations omitted.) *State v. Berila*, 2020-Ohio-3523, ¶ 34 (9th Dist.); *see also State v. Farnsworth*, 2016-Ohio-7919, ¶ 16 (9th Dist.). Because that report is not in the Court's record, we are required to presume

regularity in the proceedings below and affirm the trial court's judgment. *See Berila* at ¶ 34; *Farnsworth* at ¶ 16.

**{¶10}** Marcum's assignment of error is overruled.

III.

**{¶11}** Marcum's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.


<u>APPEARANCES:</u>

BRETT F. MURNER, Attorney at Law, for Appellant.

ANTHONY CILLO, Prosecuting Attorney, and SPENCER J. LUCKWITZ, Assistant Prosecuting Attorney, for Appellee.